In the Matter of the Judicial Settlement of the Account of Proceedings of FLORENCE C. CARPENTER and Others, as Executors, etc., of REESE CARPENTER, Deceased.

CHARLES H. TYLER, as Liquidating Partner. of the Firm of TYLER & YOUNG, and BARNEY & LEE, Claimants, Appellants; FLORENCE C. CARPENTER and Others, as Executors, and Others, Respondents.

Second Department, May 11, 1917.

**Decedent's estate — reference of claim against estate — practice— when special findings of fact not necessary — evidence not establishing valid claim for legal services rendered — burden of proof.**

On the reference of a claim against an estate which has been rejected by the executors, a referee's report, which in effect results in a nonsuit for failure to establish a valid claim, need not make special findings of fact and conclusions of law separately stated. Morever, under section 2541 of the Code of Civil Procedure the decision of the surrogate or his referee need not contain separate findings of fact.

Evidence on the reference of a claim against the estate for legal services alleged to have been rendered on the retainer by the decedent examined, and *held*, insufficient to establish a valid claim against the estate.

Where the alleged legal services involved the right of several stockholders to enjoin a proposed reorganization of a corporation and the claimants proceed against the estate without exhausting their remedy against the other surviving stockholders, they must establish that the decedent was the real and sole party in interest in the suit, or that he had undertaken or directed their employment as attorneys.

APPEAL by Charles H. Tyler and others from a decree of the Surrogate's Court of the county of Westchester, entered in the office of said Surrogate's Court on the 4th day of April, 1916, overruling their exceptions to the report of the referee

herein, confirming said report and adjudging that the appellants' claims are not valid obligations against this estate.

The deceased, with seven other alleged stockholders, on March 31, 1910, filed in the United States Circuit Court for the District of Massachusetts, a bill in equity, for injunction, and for appointment of a receiver, to stop a proposed reorganization of the Knollwood Cemetery Corporation located in Massachusetts. Although on June 30, 1910, a temporary injunction was granted, in July, 1912, the court sustained a demurrer for defect of parties, but with leave to amend, of which the complainants, however, did not avail themselves. The proceedings then stopped. Deceased died in Westchester county on January 13, 1914, leaving a will, which was duly probated. On January 13, 1915, just one year after his death, Mr. Tyler, of the law firm of Tyler & Young, of Boston, presented a claim against the estate for $24,291 for services and disbursements, and on same date a like claim was filed by Messrs. Barney & Lee, of Providence, for $20,000. The executors having rejected such claims, the surrogate referred the same to a referee, who reported as to each claim that the same " has not been sufficiently shown or proven to be a valid claim against the estate of said decedent." These claimants duly excepted to such conclusion, also that the form of the report was insufficient, because the facts found and conclusions of law were not separately stated. The learned surrogate overruled the exceptions, and rendered a final decree, from which the respective claimants have appealed to this court.

*Harold C. McCollom* [*Charles E. Hotchkiss* with him on the brief], for the appellants.

*Michel Kirtland,* for Charles Rush and Florence C. Carpenter, as executors, and Frederick B. Van Kleeck, Jr., special guardian, etc., respondents.

*I. J. Beaudrias,* for Orlando T. Carpenter, as executor, respondent.

*Frederick B. Van Kleeck, Jr.,* special guardian for the infant respondent Reese Carpenter.

PUTNAM, J.:

The referee's report was in proper form. It was in effect a nonsuit which would not call for special findings of fact. Furthermore, under section 2541 of the Code of Civil Procedure, the decision of the surrogate or his referee need not contain separate findings of fact.

Claimants' testimony to prove a retainer from deceased starts at Boston, where Mr. Tyler, of the law firm of Tyler & Young, was visited by Mr. Francis E. Baker, an attorney, who purported to represent the complainants in an intended injunction suit against the Knollwood Cemetery Corporation. Mr. Tyler testified that Mr. Baker called, bringing an introduction from a Boston client, and that Baker said " he was there in the interests of Carpenter and others. * * * And that he wished me to represent them as complainants in an action they knew could be brought which would stay the present reorganization of Knollwood Cemetery." Mr. Baker thereafter verified the complaint as one of complainants' solicitors, and not as agent of the deceased. Messrs. Barney & Lee, the Providence attorneys, who represented Mr. Cammeron, a stockholder, and other interests in the Knollwood Cemetery, admit that they were brought into the litigation by Messrs. Tyler & Young, to whom Messrs. Barney & Lee rendered their bill, and who paid their disbursements. Indeed, in a subsequent interview, Mr. Lee informed the deceased that he had been employed by Tyler & Young, and was proceeding under their direction. Although Messrs. Tyler & Young made efforts to collect their disbursements, as by their direction a bill for about $3,500 disbursements was sent to the complainant Gardner Wetherbee, it did not appear that they had ever rendered any bill to the deceased during his lifetime, although he survived the termination of this injunction suit about eighteen months. In October, 1912, when there was talk of a new suit, Mr. Carpenter, the deceased, said he had seen Mr. Tyler, and had told him of the arrangement made with Mr. Baker, and that he, Carpenter, did not owe Tyler & Young anything for services rendered.

In these proceedings against Mr. Carpenter's estate, a retainer from him must be proved. As the claimants are proceeding against his estate, without exhausting their remedy

Second Department, May, 1917.        [Vol. 178.

against the surviving complainants, they are bound to establish in substance that deceased was the real and sole party in interest in the Massachusetts suit, or that he had undertaken or directed their employment as attorneys. Yet, in November, 1913, Messrs. Tyler & Young began attachment proceedings in Baltimore against Mr. Baker and the other complainants in the Knollwood Cemetery suit to recover their legal disbursements therein up to November, 1912, stated to be $3,890.08. By intervening in another proceeding in the Circuit Court, Baltimore county, entitled " Francis E. Baker vs. Druid Ridge Cemetery," Messrs. Tyler & Young effected a compromise, securing substantially $3,600 from the plaintiffs in that proceeding, among whom was Mr. Carpenter, the deceased.

These circumstances, especially the demand and later the attachment, being confined to a recovery of disbursements only, point to employment of Messrs. Tyler & Young on the basis of some contingency. After Mr. Tyler testified that he had no written agreement with Mr. Baker, he was asked: " Q. Was there any agreement relative to a contingent fee in this case? A. I don't think so. Q. Based upon recovery? A. I don't think so. Q. Will you say that there was not? A. I don't recollect any."

Mr. Baker was the source of claimants' authority and the sole person by whom they were retained. In view of claimants' omission to call him, the learned referee might well infer that there was no such absolute employment from the deceased, as claimants would assert; that deceased did not bind himself to pay for all legal services rendered by the lawyers for all the eight complainants in that suit.

No error appearing, I advise that the decree of the Surrogate's Court of Westchester county be affirmed, with one bill of costs.

JENKS, P. J., MILLS, RICH and BLACKMAR, JJ., concurred.

Decree of the Surrogate's Court of Westchester county affirmed, with one bill of costs.