THE ROCHESTER GENERAL HOSPITAL, Plaintiff, *v.* THOMAS C. INGSTRUM, Defendant.

City Court of Rochester, Civil Branch, September 8, 1937.

*Harris, Beach, Folger, Bacon & Keating [Frcdcrick T. Pierson* of counsel], for the plaintiff.

*C. Kent Williams,* for the defendant.

TOMPKINS, J. The plaintiff sues the defendant to recover for services it rendered to his wife as a patient. At the time the services were rendered the defendant and his wife were and had been for some two or three years living apart. The defendant had no knowledge or information that his wife was at the hospital at any time while the services were being rendered.

I find, as a matter of fact, that the services rendered by the plaintiff were necessary to the health of the defendant's wife. Is a husband, under these circumstances, liable for such services rendered without his knowledge or assent? One of the obligations resulting from marriage is that the husband is legally bound to support his wife in accordance with his means. This obligation may be tested and enforced in three separate ways: (1) In an action brought by the wife against the husband in Supreme Court for a decree of separation upon the ground that he has failed to provide for her; (2) in a criminal proceeding against the husband in which he is charged with being a disorderly person in that he has neglected to provide for her according to his means; and (3) in an action brought against him by a person to recover for necessaries furnished to the wife. The present action comes under the third way.

After the defendant's wife had left his home for some months, she brought an action in the Supreme Court for a decree of separation against him, in which action he appeared and interposed a counterclaim asking for a similar decree against her. The case was tried and the decree rendered in 1935. The court dismissed the complaint of the wife and also the counterclaim of the husband, and made as one of its findings of fact that the plaintiff and defendant therein had separated by mutual consent. The court held that this defendant's wife was not entitled to a decree of separation against him. That decree, so far as it determined the marital status of the parties at that time, is binding upon this court as to such status as of time the decree was made.

In the criminal proceeding against a husband to compel him to support his wife, the law in most respects is clearly established. So long as the married relation has not been dissolved or limited by a decree of divorce or separation, the duty of the husband to support the wife remains; and this, even though the husband, himself, might be entitled to a decree of separation. Yet even in that case the husband, who in good faith is ready to support the wife in a home he provides for her, will not be declared disorderly

because he refuses to maintain her separately. (*People* v. *Schenkel,* 258 N. Y. 224; *People* v. *Jansen,* 264 id. 364.) The criminal proceeding has two objects: (1) To prevent the wife from becoming a public charge, and (2) to support her decently in accordance with her husband's means. (*People* v. *Gross,* 161 Misc. 514.)

That a wife's right to support may be granted her in a separation action, or that the husband might be compelled in a criminal proceeding to grant such support, does not of necessity mean that a person furnishing necessaries to the wife under the same circumstances may recover from the husband.

Where the husband and wife are living together and the wife procures necessaries, it has long been held that in procuring them she has acted as the agent of the husband, the necessaries in question being charged to him, and that the husband is liable therefor. Their living together is one of the essential grounds of such agency. One of the conditions of the husband's obligation is that the wife, at the same time, render her marital obligation. An unjustified refusal by her to cohabit will relieve him of his obligation to support. (*Mirizio* v. *Mirizio,* 242 N. Y. 74.)

If the wife abandon a home provided by the husband and live apart, the agency is no longer presumed. (*Constable* v. *Rosener,* 82 App. Div. 155.) In the numerous cases announcing this rule it is usually assumed that the abandonment of the husband's home by the wife was against his will. In the case at bar the court has found that the parties at that time were living apart by mutual consent. They are still living apart, although the husband is and has been willing that his wife return. However, he has not insisted that she return, nor has she at any time demanded that he support her in her separate home. He has during this period regularly contributed a reasonable amount for the support of their one child, who resides with the wife.

Under these circumstances, did the wife, living apart from the defendant by mutual consent, and making no demand on him for support, become his agent in employing the plaintiff to render her hospital service?

The wife had no just cause for leaving defendant's home. The Supreme Court by its decree so found. She left voluntarily, without legal cause, but with defendant's consent. He, in consenting to her leaving, did not as a condition promise to support her. She has made, since leaving, no demand for support. The defendant, having given her no legal occasion to leave him, is not obligated to maintain her outside the home he had provided when she left it. The court, in *People* v. *Schenkel* (*supra*), said (at p. 228): " Of course, the statute does not intend to impose upon a

husband the duty to provide separate maintenance for the wife, where, expressly or impliedly, he offers and is ready to provide support for her in a joint home. * * * If the husband's home is not open to the wife, then he must provide for her support elsewhere."

The marital obligations of the wife and the husband's duty to support her are, so long as unexcused by legal ground for separation or divorce, mutual. No such grounds exist. The Supreme Court so held. Until the wife performs, or offers to perform, her marital obligations, the husband's duty to support is dormant. The court, in *Mirizio* v. *Mirizio* (242 N. Y. 74), said (at p. 80): "The wife is the one who is asserting a right and seeking affirmative relief and the burden rests upon her, before she can demand benefits under the marriage contract, of showing that she is willing to discharge her obligations under it."

While the wife continues to live apart, without legal cause for separation, though with defendant's consent, her agency to bind her husband for necessaries is suspended. The court, in *Constable* v. *Rosener* (82 App. Div. 155), said (at p. 158): "When, however, the husband and wife are living apart, there is no implied agency such as results from their living together." And (at p. 161): "It has never been held, so far as I know, that a wife could voluntarily without cause leave her husband, repudiating the obligations that she incurred upon her marriage, and then compel her husband to support her separated from him." So long as the husband's door remains open to her in good faith, this agency may not be revived without the wife's resuming or offering to resume her marital obligations. This she has not done. In employing the services of the plaintiff she was not acting as defendant's agent, for such agency was then suspended by her act.

Furthermore, the plaintiff, in rendering its services to the wife, did not render the same relying upon the husband's obligation to pay therefor. The husband's name does not appear upon the bill or statement, Exhibit A. That the charge was made to the wife is shown by the testimony of plaintiff's witnesses, the wife, and also Dr. Home. Where credit is given solely to the wife for necessaries, even though living with the husband, he is not liable therefor. (*Wickstrom* v. *Peck*, 179 App. Div. 855; *Ryon* v. *Wanamaker*, 116 Misc. 91; affd., 202 App. Div. 848; affd., 235 N. Y. 545; *Hornfeck & Son, Inc.*, v. *Gregory*, 126 Misc. 567; *Jackson* v. *Frey*, 139 Misc. 92.)

It may be urged that the plaintiff will be unable to collect from the wife, and, consequently, will have rendered services without compensation. The services in question covered a period of six

weeks. The plaintiff was not obliged to render the same without first ascertaining either the financial responsibility of the wife or the legal liability of the defendant. Although the defendant has resided in Rochester for many years, plaintiff neither communicated with him or made any attempt to do so. He is not responsible for a situation he neither created nor knew of.

The complaint must be dismissed upon the merits.