MANUFACTURERS TRUST COMPANY, as Substituted Committee of the Estate of MARTHA G. GRAY, an Incompetent Person, Appellant and Respondent, *v.* ROBERT L. GRAY, Respondent and Appellant.

Argued May 27, 1938; decided July 7, 1938.

*Alexander U. Zinke* and *Charles W. Silver* for plaintiff, appellant and respondent. There was no evidence in law to sustain a finding of waiver in view of the wife's mental and physical incapacity, intentionally and knowingly to waive her rights. (*Wachtel* v. *Equitable Life*

*Assur. Soc.*, 266 N. Y. 345; *Walrath* v. *Hanover Fire Ins. Co.*, 216 N. Y. 220; *Douglass* v. *Wolcott Storage & Ice Co.*, 251 App. Div. 79: *Ramme* v. *Long Island R. R. Co.*, 226 N. Y. 327; *Linton* v. *U. F. Co.*, 124 N. Y. 533; *Post* v. *Manhattan Ry. Co.*, 125 N. Y. 697; *S. & E. Motor Hire Corp.* v. *N. Y. Indemnity Co.*, 255 N. Y. 69; *Newburger* v. *Lubell*, 257 N. Y. 383; *Ansorge* v. *Belfer*, 248 N. Y. 145; *Matter of City of Rochester*, 208 N. Y. 188; *Redfield* v. *Critchley*, 252 App. Div. 568; 277 N. Y. 336; *Lord Constr. Co.* v. *Edison P. C. Co.*, 234 N. Y. 411; *Soma* v. *Handrulis*, 277 N. Y. 223; *Hamlin* v. *Sears*, 82 N. Y. 327; *Rothschild* v. *Title Guarantee & Trust Co.*, 204 N. Y. 458; *More* v. *N. Y. B. F. Ins. Co.*, 130 N. Y. 537.) The burden was upon the defendant to establish that his wife abandoned him. Defendant not only utterly failed to do so, but on the contrary, his own letter and the evidence in the case overwhelmingly established his abandonment of his incompetent wife. (*Goodale* v. *Lawrence*, 88 N. Y. 513; *Laudo* v. *Laudo*, 188 App. Div. 699; *Romm* v. *Romm*, 227 App. Div. 756; *DeBrauwere* v. *DeBrauwere*, 203 N. Y. 460; *Laumeier* v. *Laumeier*, 237 N. Y. 357; *Brown* v. *Brown*, 266 N. Y. 532; *Landes* v. *Landes*, 182 App. Div. 233; *Williams* v. *Williams*, 130 N. Y. 193; *Silberstein* v. *Silberstein*, 218 N. Y. 525.) An incompetent wife, both prior and subsequent to judicial incompetency, is incapable of forming an intent to abandon her husband or waive any rights. (*Goodale* v. *Lawrence*, 88 N. Y. 513; *Gordon* v. *Gordon*, 88 N. J. Eq. 436; *Jones* v. *Newton*, (1920) 3 K. B. 381; *Wurster* v. *Armfield*, 175 N. Y. 256; *Riggs* v. *American Tract Society*, 84 N. Y. 330; *Van Deusen* v. *Sweet*, 51 N. Y. 378.) Neither the wife's insanity nor the existence of her separate estate, relieved the husband of the obligation of support. The action is maintainable by the incompetent wife's committee to recover moneys expended for her support out of her separate estate. (*De Brauwere* v. *De Brauwere*, 203 N. Y. 460; *Laumeier* v. *Laumeier*, 237 N. Y. 357; *Brown* v. *Brown*, 266 N. Y. 532; *Matter of*

*Fox,* 275 N. Y. 604; *Kaplan* v. *Kaplan,* 231 App. Div. 114; 256 N. Y. 366; *Matter of Marsh,* 242 App. Div. 290; *Matter of Bennitt,* 153 Misc. Rep. 713.) Plaintiff being entitled to recover on the law, judgment may be directed by the Court of Appeals in its favor on the first cause of action with interest and for interest on the amount awarded by the Appellate Division on the second cause of action from the date the sums were advanced. (*Bank of United States* v. *Manheim,* 264 N. Y. 45; *Kerner* v. *Epstein,* 269 N. Y. 443; *Williamsburgh Sav. Bank* v. *State,* 243 N. Y. 231; *Britton* v. *Scognamillo,* 238 N. Y. 375; *Gillet* v. *Van Rensselaer,* 15 N. Y. 397; *Woerz* v. *Schumacher,* 37 App. Div. 374; 161 N. Y. 530; *Foley* v. *Foley,* 15 App. Div. 276; *Miller* v. *Schloss,* 218 N. Y. 400; *People ex rel. Dusenbury* v. *Spier,* 77 N. Y. 144; *Preston Co.* v. *Funkhouser,* 261 N. Y. 140; *Sciaky* v. *Rodgers & Hagerty, Inc.,* 277 N. Y. 483; *Blackwell* v. *Finlay,* 233 N. Y. 361.)

*Harold M. Kennedy* for defendant, respondent and appellant. The Court of Appeals is bound by the jury's finding that the probable desires of the incompetent were against the enforcement of the claim. (*Empire Trust Co.* v. *Fell,* 271 N. Y. 72; *Matter of Nutrizio,* 145 Misc. Rep. 626; *Krotosky* v. *Krotosky,* 169 App. Div. 850.) The action is equitable in character. There was never any demand by the plaintiff or by her committee prior to the institution of the action. The form of the complaint did not indicate what the precise demand of the plaintiff was in this respect. Under such circumstances, the trier of the facts had the right to determine whether interest should run from the first expenditure, from the commencement of the action, or from the date of its verdict (*Klausner* v. *Queens Fur Dressing Co.,* 130 Misc. Rep. 579.)

LEHMAN, J. The defendant is the husband of Martha Gomer Gray, who was adjudicated an incompetent person in September, 1927. Her husband, the defendant, left her

in February, 1924, and since that time has failed to make any provision for her support. Until the date when the wife was declared incompetent, the wife paid for her own support. Since that time the committee of her estate has paid out of her estate the expense of her maintenance at Central Islip State Hospital. The committee now seeks to compel the defendant to repay the amounts expended by the wife and by her committee for her support.

The complaint contains two causes of action. The first cause of action is for the recovery of moneys spent by the wife before she was declared incompetent; the second cause of action is for money expended by her committee. The trial judge submitted to the jury the questions of fact upon which, in his opinion, liability of the defendant would depend. The jury's verdict was in favor of the defendant on both causes of action. The Appellate Division has held that a verdict should have been directed in favor of the plaintiff upon the second cause of action for the amount which the *committee* was compelled to pay for the incompetent's support, with interest from the date of the judgment, and modified the judgment accordingly.

There has been no decree of separation or of divorce adjudicating that, because of the misconduct of the wife, the husband is absolved of his obligation to provide for her support. Prior to the separation of the parties they lived at a hotel in Brooklyn. When the defendant left his wife he wrote to her that he had become " convinced that it is best for both of us that I step out of the picture now." In the same letter he said: " I have not consulted a lawyer about this step that I am taking, and will not unless you make it necessary." The defendant attempted to show that he left the wife because he could not afford to support her at the hotel where they were living and that she refused to move from the hotel, and thus in a legal sense abandoned him. The evidence is patently insufficient to show misconduct on her part

which would justify the husband in leaving his wife and in refusing to support her thereafter. The statute (Civ. Prac. Act, § 347) seals the lips of the defendant in regard to personal transactions between himself and his incompetent wife, except in so far as the committee has itself removed the seal. We do not know what occurred between the parties before or after the separation. We cannot apportion fault between the parties. Perhaps, indeed, the wife as well as the husband may have been convinced that it was best that the husband should " step out of the picture." Enforcement of rights and obligations of the parties depends upon the matters revealed at the trial, not upon matters left to conjecture because proof is impossible.

In the absence of proof that his wife abandoned him, or, by other misconduct, relieved the defendant of his obligation to support her, that obligation still continues and may be enforced by appropriate application to the court. That obligation continues even though the wife has means sufficient to pay for her own support. The problem here presented is whether the marital obligation of the husband to support his wife creates a liability to *reimburse* the estate of a wife for moneys expended for her support after the parties have separated, where it appears that the wife has means sufficient to pay for her support, and it does not appear that the wife objected to the separation or desired her husband to continue to support her.

We have held that where an abandoned wife, left by her husband without support for herself and her children, uses her own money, chiefly the proceeds of her own earnings as a seamstress and janitress, to provide necessaries for herself and her children, she may recover the amount so expended. (*De Brauwere* v. *De Brauwere*, 203 N. Y. 460.) In that case the wife unsuccessfully attempted to compel the husband to perform his obligation. She used the proceeds of her labor to provide necessaries solely because the husband failed to do his

duty to support his family. The court by analogy placed her in the same position as a stranger who supplies necessaries to abandoned children, and said that for necessaries so furnished " ' the law raises an implied promise to pay on the part of the parent.' (*Van Valkinburgh* v. *Watson*, 13 Johns. 480.) " (p. 462.) The basis for the implication of the promise to pay is that necessaries have been furnished or money has been applied by a wife or third person for " the purpose of an obligation resting primarily upon her husband * * * in discharge of his obligation." In the case which we are now reviewing, it is said that the evidence fully justifies a finding by the jury that the wife by her conduct has waived any claim to reimbursement.

We have said that though an agreement by a wife to exonerate her husband from his obligation to support her may be void " in the sense that so long as it remained executory it could not be enforced against her," yet the wife has the right to perform it and having done so cannot undo what has been done by recalling what she had paid or requiring the husband to reimburse her. (*Third Nat. Bank* v. *Guenther*, 123 N. Y. 568, 576; *Pierce* v. *Pierce*, 9 Hun, 50.) So a wife who uses her own money to pay household expenses or, while living apart from her husband, to pay for her own support, may seek reimbursement from the husband only where he has promised such reimbursement either expressly or by implication of fact or of law. Here there has been, of course, no proof of an express promise; and in the absence of proof that the wife used her own money for her support with reasonable expectation that her husband would repay it or that she was *compelled* to discharge his obligation to support her, because otherwise she would be without support, no finding of a promise implied in fact or in law would be justified. There is no showing of any protest against the defendant's expressed intention to live apart from his wife or of any refusal by the husband to provide such support as might be within his means.

For all that appears, the wife may have preferred to use her own money to provide for her support rather than to be dependent upon him or to live in the manner which the husband would be willing and able to pay for. Perhaps the term "waiver" is an inaccurate description of the wife's conduct which prevents recovery of moneys which she may have voluntarily expended for her support before the adjudication of incompetency, but we agree with the courts below that there was at least a question of fact as to whether there was any obligation upon the defendant to repay moneys paid by the wife before she became incompetent.

Though it appears that before she was adjudicated an incompetent and almost from the date of the separation, the wife was a patient in hospitals for those suffering from mental or nervous disturbance, yet there is no evidence that she was actually incompetent until the date when incompetency was adjudicated. Until that time she was free to use her own money for her support, if she so chose, rather than to look to her husband for support. After a committee of her estate was appointed, she was no longer free to exercise such choice. The primary obligation to pay for her support rested upon the defendant, her husband. The committee was bound to see that the incompetent received support. It might use the moneys in the incompetent's estate to pay for the incompetent's expenses in the State hospital in accordance with the directions of the court, if the husband, primarily liable, failed to provide support; but it had no right to use the money of the incompetent to relieve the defendant from his obligation. The law implies a promise by the defendant to repay the amount which the committee was *compelled* to pay because the defendant failed to meet his obligation. The action is brought upon that implied promise, and the plaintiff was entitled to recover interest upon the amount recovered, at least from the date of the service of the summons and complaint. That is true even though the defendant's implied

contract was to pay an amount measured by his pecuniary ability and which was fixed only at the trial. (Civ. Prac. Act, § 480.)

The action is an action at law even though an equitable defense might be interposed. (*Empire Trust Co.* v. *Fell*, 271 N. Y. 72.) The defendant has failed to plead and prove facts which in that case we held would constitute an equitable defense.

The judgment of the Appellate Division should be modified to the extent that interest upon the sum recovered is allowed from the beginning of the action, and as so modified affirmed, without costs.

O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur; CRANE, Ch. J., taking no part.

Judgment accordingly.