VICTORIA '' MENGAL '', Petitioner, *v.* HARRY '' MENGAL '', Respondent.*

Domestic Relations Court of the City of New York, Family Court, Bronx County, April 17, 1951.

---

* The names as they appear, of the petitioner and respondent, are fictitious.

*Perl, Hackmyer & Tishelman* for petitioner.

*Jack M. Wolff* for respondent.

PANKEN, J. The petition herein alleges that respondent and petitioner were married. That is not disputed. The petition alleges that the respondent has failed to provide adequately for the support of the petitioner.

The testimony in this case presents two questions to be determined by the court:

1. Is respondent justified in refusing to live with his wife because of an alleged antenuptial agreement which, in effect, the respondent claims provided that the two children born to the petitioner by a prior marriage and of whose existence the respondent knew, were not to live in the household maintained by the parties herein.

2. Is the petitioner herein entitled to support in face of the evidence submitted to the court, and if she is entitled to support, is she entitled to such support on the basis of the respondent's means or only on the basis of her being a public charge, or likely to become a public charge.

It is argued in part by the respondent that petitioner would be entitled to support, if at all, on the basis of being a public charge, or likely to become a public charge, because of her conduct with regard to the alleged provisions in the alleged antenuptial agreement, to wit, that she insisted that her children live with her and her spouse.

In *Manufacturers Trust Co.* v. *Gray* (278 N. Y. 380, 385) the late Judge LEHMAN said: " In the absence of proof that his wife abandoned him, or, by other misconduct, relieved the defendant of his obligation to support her, that obligation still continues and may be enforced by appropriate application to the court. That obligation continues even though the wife has means sufficient to pay for her own support."

The law as it now stands also takes into consideration the income or financial status of the parties and orders are made as the circumstances and justice require.

The principle enunciated by the Court of Appeals in *Manufacturers Trust Co.* v. *Gray* (*supra*) is imbedded in our law. Hardship may result to a spouse when the other member to the marital relationship is well able to look after herself and out of her own earnings or means provide for her own necessities.

This court is bound by the definitive determinations and the principles of law until modified or changed as enunciated by the Court of Appeals of the State of New York.

Sometimes it is difficult for a Justice to follow the determination of the Court of Appeals handed down during a period in which social relationships, social needs and economic development were different from what they have now come to be. Courts of original jurisdiction are sometimes constrained to distinguish one set of facts from another, and interpret the facts in the light of new social conditions, so that the appellate courts may in the light of the new social conditions modify the determinations made, and possibly sometimes lay down principles of law to govern the relationships between man and man and between man and government as modern or new conditions command and as sometimes appellate courts do.

In the instant case, respondent sought to introduce in evidence an oral antenuptial agreement. I questioned the admissibility of such an agreement. Counsel for the respondent insisted that such an antenuptial agreement is admissible in evidence and is controlling as to the rights of the parties.

The antenuptial agreement sought to be introduced was to the effect that upon the marriage between the respondent and the petitioner and their setting up a home for themselves, the two children born to the petitioner by a prior marriage were not to live in the household set up. Such an antenuptial agreement, I should hold, would not be binding because in effect it threatens the relationship between parent and children and

hence would contravene public policy. Mothers should have their children live with them. Children are entitled to the love, affection, guidance, care and inspiration which mothers should and usually do accord their offspring.

The two children referred to were born to the petitioner by a prior marriage and are respectively aged twenty-one and eighteen. One boy had reached the age of maturity. Yet, a good mother can influence even a twenty-one-year-old son, and that influence sometimes helps a young man. Where there are close ties in a family a divorce of parent from child or child from parent cannot be countenanced either in law or in ethics. The petitioner herein, in her testimony, said: " I would not want to leave my boys behind, especially now, in view of the war situation. I would not leave them at any time because now they need me more than ever."

The relationship between mother and sons seems to be very close.

Section 31 of the Personal Property Law reads: " Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent if such agreement, promise or undertaking; * * * 3. Is made in consideration of marriage," cited and approved in *Matter of Goldberg* (275 N. Y. 186, 191).

The evidence sought to be introduced and to be deemed binding upon the court is a promise or an agreement or undertaking orally made in contemplation and in consideration of a marriage to be consummated between the petitioner and the respondent herein.

A spouse who is entitled to support by virtue of the relationship created by marriage is not to be denied her rights because she is gainfully employed and thus maintains a measure of independence and human dignity — of self-respect, in devoting herself to some occupation in which she earns small or large sums of money. That often redounds to the welfare of the spouse materially and spiritually as well. It strengthens the ties which the love and respect were the motivating factors for the marriage. That cannot be the basis to excuse the husband who is chargeable in law for the support of his wife for failure to discharge the duties imposed upon him by law, and which he assumed voluntarily by his marital vows.

The Domestic Relations Law, enacted in response to social needs, and which is pregnant with social significance, provides,

as a matter of public policy, that a wife may not, by contract, relieve a husband from liability for her support, or to so do permanently.

The law does not permit agreements between parties whereby what the law commands is to be set aside. The force and purposes of law cannot be set aside by a private agreement. That provision of the statute is responsive to social needs. Laws are a consummation of accepted conventions by society and unless a law reflects common sense, which is the composite of all conventions accepted by society, that law. is bad. Often it dies by obsolescence or is repealed because of the inability of enforcement of the law which does not have its roots in common sense and does not reflect the accepted conventions of the people.

In the course of the hearing before me, my impression was that the respondent would be chargeable only with the support of the petitioner if she became a public charge, or when she is likely to become a public charge. The responsibility for the maintenance· of a wife is primarily that of the spouse. The community is only secondarily chargeable with the support of indigent who may not obtain help or support from one chargeable in law for the indigent's support. It is good law; it is good sense. In most cases it is right that it should be so, for it is the result of the accumulated experience of man.

In the course of the trial I gained some impressions, but after reading the record in the case, the cold black on white brought back a complete picture of the parties, their reactions and mode of testifying. That impression no longer exists.

Decisions must reflect and be made upon the facts as established by testimony and the law applicable to such facts.

The facts in this case show that the bone of contention between these parties was the petitioner's two children. The respondent did not want them to live in his household. The mother, on the other hand, wanted her children with her. The testimony established, without question in my mind, that had respondent agreed to have the children live in the household, the marriage would not have gone on the rocks.

The fact that an annulment proceeding had been instituted by the petitioner, whether at the instigation of the respondent, or with his consent or not, does not militate against her rights to support from him on the basis of his means.

A person may not be required to contribute more than his means warrant. The needs of the dependent is to be met only

to the extent that the person chargeable can afford, with due regard for his needs too. (*Domb* v. *Domb,* 176 Misc. 409.)

Subdivision (1) of section 92 of the Domestic Relations Court Act of the City of New York empowers this court '' to order support of a wife or child, or both, irrespective of whether either is likely to become a public charge, as justice requires having due regard to the circumstances of the respective parties.''

*Margolies* v. *Margolies* (277 App. Div. 1120) does not as a matter of law hold contrary to the determination in the case of *Manufacturers Trust Co.* v. *Gray* (*supra*). It appears to me that the court, in affirming a determination made by one of my esteemed colleagues, dismissing a petition by a wife for support from her spouse, had in mind subdivision 1 of section 92 hereinabove set forth.

The evidence in the case shows that the respondent at the time of the hearing was unemployed. The petitioner at the time was also unemployed, but received $26 weekly unemployment insurance. Due regard for the circumstances of the parties before me, so that justice may be done to both, does not permit an order to be made requiring the respondent to contribute at this time any support for the petitioner without prejudice to her right to make application hereafter for an order for her support.