Hart, J.
The question at issue may be stated as follows :
As between the separate estates of a husband and wife, both having .died after October 1, 1947, while residents of the state of Ohio, is the husband’s estate ultimately liable to repay moneys advanced by the state of Ohio to the wife as aid for the aged for her necessary living expenses during the marriage and upon her own application?
The pertinent part of Section 1359-7, General Code, provides:
“Upon the death of a person the total amount of aid paid to said person or to Ms spouse or either or both of them under this act shall be a preferred claim *195 against the estate of such deceased person * * V5 (Italics supplied.)
Section 7997, General Code, is as follows:
“The husband must support himself, his wife, and his minor children out of his property or by his labor. If he is unable to do so, the wife must assist him so far as she is able.” (Italics supplied.)
On December 1, 1945, George Wehrs and his wife were unable to support themselves or each other. Simultaneously, they each individually made application for aid and under the statute thereby pledged their separate estates for the amount of aid received by each of them. Clearly, the statutory obligation of the estate of the husband under the statute to reimburse the state for aid paid to his wife was in the nature of a secondary or suretyship liability, the primary liability for the aid to the wife resting upon her estate. Since her estate is sufficient to repay the aid furnished to her, his estate is relieved of that obligation. This must necessarily be so since the husband did not receive any direct consideration for his statutory or contractual obligation to repay the state for aid furnished to his wife. The obligation of his estate, so assumed, was in the nature of a suretyship with reference to the primary obligation of his wife’s estate, and being such his estate was entitled to exoneration.
The liability of the husband’s estate, if any, for the aid furnished to the wife must be predicated upon the general statutory provisions found in Section 7997, General Code. While the husband and wife were living together, the wife entered into her personal contract with the division. The husband was then unable to support himself and his wife. Under Sections 7995 and 7997, General Code, it became the wife’s duty to support herself and her husband, if necessary, and, by such agreement with the division, she contracted at least as to her own necessities.
*196 When is a wife under the general statute entitled to reimbursement from her husband for money which she has spent on her own account for necessaries for herself and perhaps for her husband while they were living together in the marriage relation?
A leading case on this subject is that of Spalding v. Spalding, 361 Ill., 387, 198 N. E., 136, 101 A. L. R., 433, where the court said:
“We are of the opinion that the weight of authority supports the principle that for payments voluntarily made by the wife for family expense during the time the husband and wife are living together, in the absence of proof of a specific agreement for repayment by the husband, the law does not create an indebtedness of the husband to the wife.”
In 26 American Jurisprudence, 941, Section 342, the rule is stated as follows:
“A wife is not entitled to reimbursement from the husband or his estate for property contributed by her to family use, enjoyment, or consumption, for her income applied with her consent to the maintenance of the family, or for expenditures voluntarily made by her, in the absence of an agreement for reimbursement, at least where they are living together.” Citing Manufacturers Trust Co. v. Gray, 278 N. Y., 380, 16 N. E. (2d), 373, 117 A. L. R., 1176; Spalding v. Spalding, supra, and annotation. To the same effect is 21 Ohio Jurisprudence, 542, Section 252.
This court is of the opinion that this rule must be applied to the facts of this case.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Stewart and Lamneck, JJ., concur.
Middleton, J., concurs in paragraph two of the syllabus and in the judgment.
Taet, J., concurs in the judgment.