(March 4, 1965)

■ MILTON KEPECS et al., Copartners Practicing under the Name of KEPECS & FRISCHER, Respondents, v. MERVYN J. LOBEL et al., Appellants.

APPEALS from an order of the Supreme Court at Special Term, entered October 19, 1964, in New York County, which granted a motion by plaintiffs for summary judgment under CPLR 3312.

*Per Curiam.* This is an action brought by these plaintiffs, attorneys, to recover from the defendants, formerly husband and wife, the sum of $10,000 which plaintiffs assert is the fair and reasonable balance due as attorneys' fees for services allegedly rendered the wife. Additionally they seek a specified sum for expenses allegedly incurred.

The defendants were married March 8, 1954 and separated about September 15, 1957. There were two children issue of the marriage. During the period of separation the husband continued to pay the wife the sum of $100 per week for food and household expenses and paid the mortgage, interest and amortization on a residence which the husband had purchased in both names and in which the wife and children were living. The husband also paid additional expenses for the children.

Plaintiffs allege they were retained by the wife in March, 1963 to commence an action of separation against the husband; that they thereafter rendered certain services and that in November, 1963 they were discharged without cause and other counsel substituted. A temporary counsel fee of $800 was allowed without prejudice to an application to the trial court for an additional counsel fee. The amount was paid. The case never came to trial, and as indicated the plaintiffs were substituted. Plaintiffs then instituted this action against both defendants. The defendant former husband is sued on the theory of necessary services rendered the wife. Among the defenses interposed was the defense of payment and a denial of necessary services. The plaintiffs then moved for summary judgment. By order entered October 19, 1964 the motion was granted and an assessment of damages directed. Each defendant appeals separately from such order. They also appeal from an order denying their motion for reargument.

The appeal from the order denying reargument is dismissed. Ordinarily such an order is not appealable (*Weiss* v. *Weiss*, 225 App. Div. 700; *Matter of Rzepecka,* 284 App. Div. 867; but see *Acosta v. Miller Transp. Co.,* 276 App. Div. 1005). The order granting summary judgment should be reversed on the law and the motion denied, with costs and disbursements to appellants. Triable issues exist as to whether the services rendered were necessary services and also whether they were necessary services for which the defendant husband may be held responsible. (*Handelman* v. *Peabody,* 285 App. Div. 689.) A triable issue exists also by reason of the defense of payment in the circumstances here present and whether such services as were rendered were in reliance upon the husband's obligation to pay or otherwise. (*Rochester Gen. Hosp.* v. *Ingstrum,* 171 Misc. 288; *Matter of Roessler,* 171 Misc. 306; *Manufacturers Trust Co.* v. *Gray,* 278 N. Y. 380.)

Rabin, J. P., Valente, Stevens and Bastow, JJ., concur.

Order, entered on October 19, 1964, granting plaintiffs' motion for summary judgment, unanimously reversed, on the law, with $30 costs and disbursements to appellants and the motion for summary judgment denied. The appeal from the order entered on October 19, 1964 denying reargument is dismissed.