## SIMON v. SIMON.

(Supreme Court, Appellate Division, First Department. June 5, 1896.)

1. DIVORCE—SEPARATION—ABANDONMENT.
    A separation followed by repeated negotiations for a return to each other, continued by the parties to the time of commencing the suit, is not

such an abandonment as will support a decree of divorce from bed and board. 37 N. Y. Supp. 1121, affirmed.

2. SAME—CUSTODY OF CHILDREN.

Where a decree of separation has been refused to either party, the court will not pass on the question of the custody of the children.

O'Brien and Patterson, JJ., dissenting.

Appeal from superior court of New York City, equity term.

Action by Sigmont Simon against Jennie Simon for divorce. From a judgment dismissing the complaint, and the counterclaim in the answer, without costs (37 N. Y. Supp. 1121), plaintiff appeals. Affirmed.

The action was brought by the husband against the wife for a separation from bed and board, and the custody of the two minor children of the marriage. The defendant, by her answer, denied the allegations of the complaint, and, by way of counterclaim, demanded a separation from her husband, and that the custody of the children be awarded to her. The ground of both causes of action for separation was abandonment. The court, after a somewhat protracted trial, held the case was not one in which a decree of separation should be made in favor of either party, and declined to pass upon the question of the custody of the children. The custody of the children had, before the commencement of this action, been awarded to the wife, in proceedings by writ of habeas corpus, and were in her custody at the time of the trial and judgment in this case.

Argued before BARRETT, RUMSEY, WILLIAMS, PATTERSON, and O'BRIEN, JJ.

A. H. Hummel, for appellant.

Samuel Greenbaum, for respondent.

WILLIAMS, J. The principles of law applicable to a case of this kind were properly stated by the learned trial judge in his opinion. The rule laid down was, in brief, that "the term 'abandonment,' as used in the law of divorce, contemplates a voluntary separation of one party from the other, without justification, and with the intention of not returning." Williams v. Williams, 130 N. Y. 197, 29 N. E. 98. The learned trial judge seems to have listened patiently to the very voluminous evidence given by the parties, and to have fairly considered the same. He saw the witnesses, and was able to observe their demeanor upon the stand, and to judge more correctly than we can do what the real truth was. He concluded that there was no proof of such abandonment on the part of either the husband or the wife as, under the well-settled rules of law, called upon the court to decree a separation from bed and board, in favor of either party. There was a separation, but it was followed by repeated and continued negotiations for a return to each other. The husband seems to have insisted upon an unconditional return by the wife, while she insisted upon certain conditions being complied with by him before she returned. These negotiations continued down to the time of the commencement of the action. We do not feel disposed to enter into a discussion of the questions of difference between the parties. They were questions about which people of both sexes disagree. While, in a legal sense, the husband is the head of the family, and has the right to rule the household, and compel his wife, as well as his

children, to obey him and submit to his dictation in the details of the management of the house and the servants, still the practical view of the marital relations usually is that the wife, within her peculiar sphere,—the home,—should have her own way, and, to a reasonable extent, be allowed to manage and control the details of housekeeping and servants. An intelligent, high-spirited woman should certainly not be subjected, in the presence of servants and guests, to humiliation and ill treatment by her husband, by the offensive assertion on this head that he is master, and she must, in all things, obey him. The separation was evidently the result of disagreement between the parties upon these lines. Which was right and which wrong, or whether both were in part right and in part wrong, was a subject upon which much evidence was given upon the trial. Whether the learned trial judge was strictly correct in all the suggestions made by him in his opinion, we do not attempt to decide. We are only called upon to determine whether the trial court was wrong in deciding that abandonment was not so clearly shown as to call for the granting of the decree of separation. It was a question of fact, to be determined by the trial court,—one in which the public, as well as the parties, were interested. A decree should not have been granted, except upon very satisfactory proof of the fact of abandonment. After hearing a full discussion of the facts by counsel, and after an examination of the record presented to us, we are not prepared to say that the conclusion arrived at by the trial court was erroneous.

The court, having refused to grant the decree of separation, very properly declined to consider or pass upon the question of the custody of the children. The statute does not seem to provide for any such relief in favor of the husband in a case where the decree of separation is refused him. The wife does not complain of the decree as it is. She has the custody of the children awarded to her by the court in a proper proceeding instituted for the purpose of determining as to their custody. The husband has a remedy by another proceeding of a like nature, whenever the condition of things shall have changed, to again investigate and determine as to the future custody of the children.

The judgment appealed from should be affirmed, with costs.

BARRETT and RUMSEY, JJ., concur. O'BRIEN and PATTERSON, JJ., dissent.