THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JACOB SCHENKEL, Appellant.

(Argued November 19, 1931; decided January 5, 1932.)

*A. F. Walsh* for appellant. Where the wife abandons the husband, he cannot be convicted as a disorderly person. (*People* v. *Demos*, 115 App. Div. 410; *People* v. *DeWolf*, 133 App. Div. 879; *People* v. *Boettcher*, 141 App. Div. 531; *City of New York* v. *Itzkowitz*, 200 App. Div. 839; *People* v. *Pettit*, 74 N. Y. 320.)

*John B. Smith, District Attorney* (*William E. Bennett* of counsel), for respondent. The defendant was guilty of a violation of subdivision 1 of section 899 of the Code of Criminal Procedure. (*People ex rel. Commrs. of Charities* v. *Cullen*, 153 N. Y. 629; *Williams* v. *Williams*, 130 N. Y. 193.)

LEHMAN, J. Upon the complaint of his wife, the defendant has been adjudged a " disorderly person " as defined by subdivision 1, section 899 of the Code of Criminal Procedure, in that he actually abandoned his wife without adequate support and has left her in danger of becoming a burden upon the public, and he neglects to provide for her according to his means.

The parties were married in 1928. It was a marriage of convenience. Dissension immediately arose. The wife left her husband's home in April, 1929. Reconciliation was followed by further dissension and husband and wife have not lived together since November, 1929. There has been no decree of separation, yet the husband has not provided his wife with any means of support and, unless she is able to earn sufficient to maintain herself, she must rely on the charity of others and is in danger of becoming a burden upon the public.

" It is the duty of the husband to support his wife, but he is not bound to support her away from his home, even though such home may be disagreeable to her." (*People ex rel. Comrs. of Charities* v. *Cullen*, 153 N. Y. 630, 635.) So long as a husband is willing to support his wife in his home, he " cannot be made a vagrant and a disorderly person, and held amenable to this statute by not complying with any condition in respect to support which the wife may see fit to impose, nor is it proper to refer the reasonableness of the conditions to the decision of a jury." (*People* v. *Pettit*, 74 N. Y. 320, 324.) The criminal courts are not the proper forum for the determination of marital disputes. The husband's obligation of support continues as long as the marriage relation is not dissolved or limited by a decree of divorce or separation. It ceases when such a decree is made, except as otherwise provided in the decree. True, a wife's adultery or other misconduct, her failure to perform her own marital obligations, may deprive her of the right to insist upon performance of the husband's obligation. Rights and obligations are usually relative. The obligation though unsatisfied is a shadow, when right to enforce it is lost. In the civil courts the relative rights and obligations of the parties to a marriage, like other relative rights and obligations, must be adjudged in accordance with the conduct of the parties. There, at times, fault may be balanced against fault and obligation dissolved by loss of right to enforce it. A penal law may make failure to perform a duty to the State a crime, where the public interest demands its performance. Then the misconduct of the person to whom primarily the duty is owed becomes irrelevant. The only question before the court is whether the statute is directed, in the public interest, against failure to support a wife, regardless of her own conduct, and whether the evidence shows that the defendant has failed to perform this duty.

In England the Vagrancy Act (5 Geo. IV, ch. 83) was

directed against failure to provide support where the husband is " legally bound to maintain " the wife. There the test was whether the husband owed a duty to the wife; and where her misconduct freed him from that duty the penal statute had no application. It is the same test which is applied in the civil courts when remedy is sought for the husband's failure to provide necessaries to the wife. So the courts have construed the statute. (*Rex* v. *Flintan*, 1 B. & Ad. 227 [1830]; *Flannagan* v. *Overseers of Bishop Wearmouth*, 8 El. & Bl. 451.) The Poor Law amendment of 1868 (31 & 32 Vict. ch. 122) leaves open to the justices a wide discretion where balance of fault may be the determining factor. They have in general exercised this discretion in accordance with the rule embodied in the Vagrancy Act, though they have held that in some respects the later statute has wider application. (*Thomas* v. *Alsop*, L. R. 5 Q. B. 151; *Culley* v. *Charman*, L. R. [1881] 7 Q. B. D. 89.)

Even in England, where a wife willfully leaves her husband's home " the relief of the husband from the obligation of maintenance continues only so long as she voluntarily remains absent. * * * Nothing has happened to dissolve the relationship of husband and wife." (Per EARL OF READING, C. J., in *Jones* v. *Guardians, etc.*, [1920] 3 K. B. 381.) There the wife while still living apart from her husband became a lunatic unable to exercise any judgment, and it was said: " She cannot elect to return home and while in that condition she becomes chargeable to the union. In those circumstances who ought to support her — the ratepayer or the husband? I think that the answer is that so long as the relationship of husband and wife continues, it is the husband."

In this State the penal statute leaves no discretion to the courts. A person is " disorderly " who leaves wife ·or children in danger of becoming a burden upon the public or who neglects to provide for them according to his means. Duty of provision is absolute and regardless

of the wife's fault. The public interest, in the opinion of the Legislature, requires that the husband, not the taxpayer, shall bear the burden of her support as long as the relationship of husband and wife is not altered or dissolved by decree of the court.

Of course, the statute does not intend to impose upon a husband the duty to provide a separate maintenance for the wife where, expressly or impliedly, he offers and is ready to provide support for her in a joint home. Then the test of whether there is breach of duty is the same under the statute as at common law where a third party seeks recovery for necessaries furnished to his wife because the husband has failed to support her. (*People* v. *Pettit, supra.*) If the husband's home is not open to the wife, then he must provide for her support elsewhere, and the criminal courts will not consider whether the home is closed because of her fault or her husband's, so long as the obligation of maintenance exists and the relationship of husband and wife continues.

Whether the obligation of maintenance continues after the wife has been guilty of adultery is not now before us. (See *Jones* v. *Guardians, etc., supra.*) Perhaps even there the ancient rule has been changed, and only dissolution of the marriage relation can destroy its incidents. (Cf. Real Prop. Law [Cons. Laws, ch. 50], § 196; Dec. Est. Law [Cons. Laws, ch. 13], § 87.) That we do not decide. In this case there is no suggestion that the wife has been guilty of adultery. She left her husband's home because she found conditions intolerable. Even if she was unreasonable, the obligation to support her remained. Even after reconciliation she demanded change in the conditions of the home, but she has offered to return and the husband has not replied to her offer. Perhaps the husband may be entitled to a decree of separation on the ground of abandonment. Perhaps the wife may be entitled to a decree of separation with separate maintenance on the ground of cruelty. Such

questions cannot be litigated in this prosecution. The evidence shows that the husband fails to provide for his wife; and it supports an inference that his home is closed to her, and the husband produces no evidence to show that he has offered or is willing to support her in a home where she could reside.

The judgment should, therefore, be affirmed.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed.