THE CITY OF NEW YORK, Respondent, *v.* WILLIAM GATKE, Appellant.

Court of Special Sessions, City of New York, Appellate Part, First Department, January 20, 1932.

*Alfred J. Hofmann,* for the appellant.

*Arthur J. W. Hilly Corporation Counsel [Arthur H. Kerns* and *J. Joseph Lilly* of counsel], for the respondent.

SOLOMON, J. The complaint in this case alleges that the appellant, the husband of the complaining witness, actually aban-

doned her in that he has failed to provide for and leaves her without adequate support and in danger of becoming a burden upon the public.

The testimony clearly establishes that since August, 1931, and up to November 5, 1931, the date of complaint herein, the appellant has absolutely failed, refused and neglected to contribute towards the support of the complainant and her child, although the complainant and the appellant are living under the same roof. It is further established that the parties do not cohabit, that the appellant and his son do not eat at home and the appellant leaves the complainant and her daughter to shift for themselves. It further appears that the daughter is under the care of two physicians suffering from St. Vitus dance.

It is established that the appellant and complainant own a piece of property jointly as an estate in entirety and that the complainant has a one-half interest in the appellant's business; but it also appears that the appellant does not permit the complainant to collect any rent from this real property and that she does not receive any income out of this business; to the contrary, it appears that whatever rent is collected the appellant receives the same and that whatever moneys are realized out of the business the appellant also receives to the exclusion of the complainant; the appellant testifies that there is no income from the business, saying that same is bankrupt.

It is further established that the complainant has no means of support and is without means of support and, therefore, in danger of becoming a public charge. The fact that the appellant permits the complainant to live under the same roof with him in no way affects this proceeding for, while the complainant and her daughter are permitted to reside under the same roof with the appellant, the appellant persists, however, in refusing, failing and neglecting to contribute to their support in any way and the complainant is still without any means of sustenance, which is no more and no less than an abandonment by this appellant of this complainant.

Section 74 of the Inferior Criminal Courts Act provides that " The following persons are declared to be disorderly persons: Every person in the city of New York who actually abandons his wife or children without adequate support; or *leaves them in danger of becoming a burden upon the public;* or who neglects to provide for them according to his means or who threatens to leave his wife or children without adequate support, or in danger of becoming a burden upon the public; * * *." It further provides and declares a person to be a disorderly person who shall have abandoned his wife and children in any other place, etc., and further

declares an individual to be a disorderly person who, by reason of his conduct, or of his cruel or inhuman treatment, renders it unsafe, improper or impossible for his wife or children to live with him.

Actual abandonment, under the provisions of this section, is not a necessary condition upon which to base an order declaring the appellant to be a disorderly person and entering an order for the support of his wife. As a matter of fact, in the case of *City of New York* v. *McCarthy* (139 Misc. 746, affd., *sub nom. People* v. *McCarthy*, 257 N. Y. 567), which came to this court on appeal from the Magistrates' Court, this court sustained the lower court adjudicating the appellant therein to be a disorderly person and was affirmed by the Court of Appeals, where the testimony clearly established that the appellant did not abandon the complainant but that the complainant abandoned the appellant and although the complainant was unsuccessful in her various applications to the Supreme Court for alimony. It appeared, however, from the testimony before the magistrate in that case that the complainant was incapacitated and unable to support herself and in danger of becoming a public charge. The opinion in that case was as follows: " The testimony adduced before the magistrate in this case justified him in concluding that the complainant was incapacitated, unable to support herself and in danger of becoming a public charge.

" It appears that the parties hereto have lived separate and apart for approximately twenty-five years and that several applications have been made to the Supreme Court by her for alimony, which applications have been denied. Even though the parties hereto have lived separate and apart and the applications made to the Supreme Court were denied, nevertheless the defendant is the lawful husband of the complainant and where it appears from credible testimony that the complainant, the wife of the defendant, is incapacitated and unable to support herself and that the defendant, her husband, neglects and fails to contribute towards her support, and she, therefore, is in danger of becoming a public charge, the defendant is legally bound under the law to support her at least to the extent of preventing her from becoming a burden upon the public." (See *People* v. *Schenkel*, 258 N. Y. 224.)

The fact that the complaint before the magistrate alleges an actual abandonment in addition to the allegations that the appellant " has failed to provide and leaves her without adequate support and in danger of becoming a burden upon the public " is not fatal, nasmuch as the complaint sets forth specifically facts which fully apprise the appellant of the charge against him.

The appellant attacks the validity of the order, inasmuch as it provides for the support of the complainant and her child, while

the complaint upon which this order is based asks only for the support of the complainant. We do not consider this variance between the complaint and the order as sufficient to reverse the judgment and order a new trial. Section 34-k of the Inferior Criminal Courts Act (as added by Laws of 1931, chap. 407) confers power on the appellate court to " render the judgment which the court below should have rendered." Therefore, the order is amended by striking out in the order the words " Child one," and as so amended the judgment is affirmed.

KERNOCHAN, P. J., and FETHERSTON, J. (concurring). We agree with our colleague, SALOMON, J., that this judgment should be affirmed and that there was sufficient evidence to establish an abandonment by the appellant of this complainant.

In our opinion, however, we feel that when abandonment is pleaded it must be proved.

Judgment, as amended, affirmed.