CITY OF NEW YORK, Respondent, *v.* LOUIS COHEN, Appellant.*

Court of Special Sessions, City of New York, Appellate Part, First Judicial Department, March 8, 1932.

*Leo Guzik*, for the appellant.

*Arthur J. W. Hilly, Corporation Counsel* [*Arthur H. Kerns* of counsel], for the respondent.

PER CURIAM. This proceeding is brought under section 74 of the Inferior Criminal Courts Act and the court adjudged the appellant a disorderly person in that he neglected to provide for his wife and child according to his means.

The evidence supports the charge as made and further establishes the fact that the wife, the complaining witness, is unable to support herself and is in danger of becoming a public charge; the evidence further shows that the appellant is able to support his wife. These findings of the magistrate will not be disturbed by the appellate court.

Therefore, there remains for us only two points to decide:

(1) Did the action of the magistrate on February 3, 1928, vacating an order previously made and based upon the conviction of the appellant as a disorderly person, bar this proceeding?

(2) Does the fact that the wife had committed adultery free the appellant from his obligation to support her, and thereby placing her in danger of becoming a public charge, when it is also established that the appellant himself has also committed adultery?

Previous to bringing this charge the appellant had been adjudged a disorderly person, for the record shows that on February 3, 1928, a magistrate vacated an order of support previously made against this appellant and in favor of the present complaining witness on the ground that she had committed adultery. The appellant claims that this action of the magistrate is a bar to the bringing of this proceeding as it amounts to *res adjudicata*. With this contention we cannot agree, for the action of the magistrate amounted to no more than the vacating of an order and not the setting aside of an adjudication.

As long as the marriage relationship exists between the parties, the Family Court has jurisdiction over them.

The record shows that the parties are still married. It is true that proceedings in the Supreme Court were instituted by both parties for a decree of dissolution of the marriage and for a separation. These actions were tried and relief denied due to the adultery of both. In the recent case of *People* v. *Schenkel* (258 N. Y. 224), LEHMAN, J., speaking for the Court of Appeals says: " Whether the obligation of maintenance continues after the wife has been guilty of adultery is not now before us.. (See *Jones* v. *Guardians, etc., supra* [(1920) 3 K. B. 381].) Perhaps even there the ancient rule has been changed, and only dissolution of the marriage relation can destroy its incidents. (Cf. Real Prop. Law [Cons. Laws, ch. 50], § 196; Dec. Est. Law [Cons. Laws, ch. 13], § 87.) That we do not decide."

In this case, where the appellant has also committed adultery, we feel that the husband cannot take advantage of his own fault

to free himself from the obligation to support his wife, especially when that obligation will then fall upon the taxpayer, by reason of the fact that the wife will become a public charge.

KERNOCHAN, P. J., and SALOMON, J., concur.

FETHERSTON, J. (dissenting). Upon the complaint of his wife the defendant has been adjudged a disorderly person as defined by section 74 of the Inferior Criminal Courts Act, in that he neglected to provide for his wife according to his means and that he has not contributed to her support since December 30, 1927.

The parties were married in Hoboken, N. J., December 20, 1920, and lived together for a period of about five years and separated. The cause of he separation does not appear in the record. Prior to her marriage to the defendant the complainant was divorced from a former husband by reason of her adultery.

On February 3, 1928, an order which was not offered in evidence but which apparently had been issued by the Magistrates' Court adjudging the defendant to be a disorderly person, on the complaint of his wife, was vacated on the ground that the complainant's conviction for prostitution terminated the defendant's duty to support her. Whether it was an order adjudging the defendant a disordery person after trial or a consent order it is impossible to determine from the record.

Subsequently the defendant instituted an action for divorce in the Supreme Court on the ground of the adultery of the complainant. After a trial the court found both parties were guilty of adultery, and refused to grant the divorce. Thereafter the Supreme Court granted defendant a final judgment dismissing, on the merits, complainant's counterclaim for separation and support on the ground of abandonment, non-support and cruelty. It was only after the complainant's failure to obtain a separation in the Supreme Court that the proceedings under consideration came to trial.

The complaint does not allege nor is there any evidence of abandonment, or cruel or inhuman treatment. Neither is there any allegation in the complaint that the complainant was in danger of becoming a burden upon the public.

In order to support the conviction of the defendant it is not enough to establish that he has failed to support his wife, as alleged in the complaint, but the evidence must establish that there are reasonable grounds to believe that the complainant is liable to become a public charge.

The trial court evidently rendered its decision on the theory that the complainant was liable to be a burden on the public although the record is not entirely clear on this point. The only evidence that supports the conclusion reached by the court is found in

the complainant's testimony, which is conflicting, unsatisfactory, and evasive. She stated on direct examination that she paid eighteen or twenty dollars to her father for her maintenance, and it was only after persistent questioning by the court and her counsel that she said she was without means of support and that her father refused to aid her. She claimed to be ill and receiving hospital treatment but refused to state the nature of her illness but admitted that she was suffering with a blood disease and receiving treatment at the department of health and at Bellevue Hospital. It was the defendant who subpœnaed the hospital records which indicated that the complainant is not incapacitated.

The complaint in this action has been pending for over two years and the record does not disclose any change in the circumstances of the complainant since February 3, 1928, the date on which the prior order was vacated in the Magistrates' Court. During all this time she has supported herself and did not become a burden on the public. She has been represented by counsel in the proceedings in the Supreme Court and Magistrates' Court. These facts and circumstances negative the assumption that the complainant is liable to become a burden on the public.

In my opinion the matrimonial difficulties of the parties are not affected by a public interest and the judgment should be reversed, order vacated and complaint dismissed.