The City of New York, Respondent, v. John Jansen, Appellant.

Court of Special Sessions, City of New York, Appellate Part, First Judicial Department, January 22, 1934.

*Showers, Jason & Quinn,* for the appellant.

*Arthur J. W. Hilly, Corporation Counsel [Arthur H. Kerns* of counsel], for the respondent.

Salomon, J.   The defendant is charged with a violation of section 74 of the Inferior Criminal Courts Act (Laws of 1910, chap. 659, as amd.),* in that he failed and neglected to support his legally separated wife, by reason of which she is in danger of becoming a public charge.

The complaint alleges that the complainant is the legally separated wife of the defendant.   A reading of the testimony satisfies us that the complainant is in danger and likely to become a public charge.   It appears that the parties had been legally separated and that for a number of years the complainant did not make any requests upon the defendant for any support.   This court has held that even though the parties have lived separate and apart, nevertheless, the defendant is the lawful husband of the complainant and, where it appears from credible testimony that the complainant, the wife of the defendant, is incapacitated and unable to support herself and that her husband neglects and fails to contribute towards her support and she is, therefore, in danger of becoming a public charge, the defendant remains legally bound under the law to make

---

* Renum. § 105 by Laws of 1933, chap. 746.   See, also, Domestic Relations Court Act of the City of New York (Laws of 1933, chap. 482).

such contribution at least to the extent of preventing her becoming a burden upon the public. (See *City of New York* v. *McCarthy*, 139 Misc. 746; affd., 257 N. Y. 567.) This court has also held in the case of *City of New York* v. *Cohen* (143 Misc. 27; affd., 259 N. Y. 645) that even though it appears that the complainant committed adultery, unless a decree dissolving the marriage is entered thereby terminating the relationship of husband and wife, the husband still remains under a legal obligation to contribute towards his wife's support so as to prevent her from becoming a public charge. (See, also, *People* v. *Schenkel*, 258 N. Y. 224.)

In my opinion the fact that a decree of separation is entered by the Supreme Court does not in any way affect the liability of the husband so far as contributing towards his legally separated wife's support where it appears that she is incapacitated and in danger of becoming a public charge.

The order made herein requiring the defendant to contribute the sum of five dollars per week towards the support of his wife should be sustained.

All concur; present, KERNOCHAN, P. J., SALOMON and VOORHEES, JJ.