JEANNETTE G. EDWARDS, Appellant-Respondent, *v.* ALFRED EDWARDS, Respondent-Appellant.

*Per Curiam.* In 1949 plaintiff commenced an action for separation in which defendant counterclaimed for a separation. The judgment in that action awarded defendant a separation for a period of two months. At the end of that period plaintiff offered to return. Defendant refused to admit her, and the parties have not since resumed living together.

Plaintiff has brought the present action for a separation upon the ground that defendant has excluded her from their home. Defendant has taken the position that plaintiff's efforts at reconciliation were not made in good faith, and he has again counterclaimed for a separation. The trial court found that plaintiff had not sufficiently manifested her good faith, and dismissed the complaint. It likewise held that there was nothing in the record to sustain the counterclaim and dismissed the counterclaim. Both parties appeal.

The trial court may have been justified in its doubts of plaintiff's good faith. On the other hand, a finding of an absence of good faith could hardly be based, as the court seemed to base it, upon plaintiff's refusal to stultify herself by withdrawing all the allegations she had made in the prior separation action. Plaintiff testified that she was willing to forget the past and anxious to resume the marital relationship on a fresh plane. The record does not warrant the finding that she was not sincere in these overtures, and it is clear that she was rebuffed by defendant.

We take the prior judgment to be a holding that the parties should have resumed their marital relationship as a matter of course at the end of two months' temporary separation. The fact that they did not do so appears to be more defendant's fault than plaintiff's. We give such weight, however, to the finding of the trial court in this action that we will not award plaintiff a separation on the record to date. We think it appropriate to test further the attitude of both parties.

There is still no reason why the parties should not resume their marital relationship if both are willing. If one is willing and the other is not, the willing party is entitled to a separation. If neither is willing, neither is entitled to a separation in law, although they may remain apart in fact. The judgment should be modified to remit the matter to Special Term to receive the advice of the parties with respect to their desires and to proceed further in accordance with this opinion, and should be otherwise affirmed, with costs to plaintiff.

Peck, P. J., Callahan, Breitel, Foster and Bergan, JJ., concur.

Judgment unanimously modified so as to remit the matter to Special Term to receive the advice of the parties with respect to their desires and to proceed further in accordance with the opinion herein and, as so modified, affirmed, with costs to the plaintiff. Settle order on notice.