Frank J. Kronenberg, J.
Appeal from a conviction [Feb. 16, 1960] of the defendant in City Court of North Tonawanda, Catherine R. Lautz, City Judge, of violation of subdivision 1 of section 899 of the Code of Criminal Procedure. It appears that the complainant wife voluntarily left the marital home and that thereafter the defendant husband failed to support her, but at all times the marital home has been open to her if she wished to return. There is some indication in the record that the wife believes she was justified in leaving and the husband believes that she was not, but that issue may not be determined in this proceeding.
The Trial Judge ruled that it was immaterial whether the wife was or was not justified in leaving; that if defendant felt she was not justified his remedy was a separation action, and until then he must support her.
The law is to the contrary. As stated in People v. Schenkel (258 N. Y. 224, 228): “ Of course, the statute does not intend to impose upon a husband the duty to provide a separate maintenance for the wife where, expressly or impliedly, he offers and is ready to provide support for her in a joint home.”
Where, as here, the wife voluntarily leaves the marital home and the home remains open to her, her remedy is to bring a separation action in which she may succeed in justifying her departure.
The conviction is reversed and the information dismissed.