Thomas Dickens, J.
In this action for a separation from bed and board, plaintiff wife charges defendant husband with the following marital breaches: (a) failure to support, (b) cruel and inhuman treatment, and (c) abandonment.
The causes of action for failure to support and for cruel and inhuman treatment, I dismissed because of the utter lack of proof for the making out of a prima facie case. The cause of action for abandonment I withheld for further deliberation, in view of the nature of the evidence. After giving the subject of abandonment much thought during the period of ampliation, I have come to the conclusion that in this aspect of the case, plaintiff has also failed to present a preponderance of credible evidence to enable her to win my accord with her theory of an abandonment.
The testimony produced at the trial developed the following salient facts which reflected helpful light on the subject of abandonment:
Plaintiff and defendant intermarried on June 29,1952. Twice during the marriage, according to plaintiff’s testimony, once in 1961, and again on May 28, 1964, defendant left plaintiff. The second rupture of the marriage on May 28, 1964 proved to be the final jumping-off place in their marital relationship. On that day, when defendant left the homestead, he thereupon proceeded to take the alternative step of procuring for himself temporary quarters at the 63rd Street branch of the Y. M. O. A. Nevertheless, he returned to the apartment a number of times thereafter with the object of getting some of his personal effects. When he went there, however, on the occasion toward the end of July, 1964, he found that plaintiff had changed the lock on the door and had thereby effectively barred him from gaining ingress to and egress from the apartment. Although they had been housemates of the apartment by virtue of its purchase in their joint names, plaintiff arbitrarily now retains sole control and possession of the abode.
As bearing on the wife’s equity, be it observed here that both plaintiff and defendant are employed by the New York State Division of Parole, and have been so employed since the time when they went into double harness. Her salary has been slightly smaller than his.
When the parties were married in 1952, plaintiff’s father was then living with her. After the marriage, he continued to live as a member of the marital household. At the trial, defendant *357 openly declared on the witness stand his objection to this imposition.
He was opposed to having his father-in-law continue further as a member of the household. At that time he willingly extended the olive branch for a reconciliation by offering to return provided his father-in-law would be made to vacate the premises and live elsewhere. The olive branch has failed to bear reciprocal fruit.
The question to be answered now is: do the facts reviewed heretofore spell out an abandonment by the defendant within the field of the legal principles that I am applying here? I turn to the law for what I believe is the answer.
The law holds that for plaintiff to succeed, she must prove that defendant had unjustifiably abandoned her without her consent and with intent not to return. Temporary absence is not abandonment. The absence must be complete with an intent not to return. (Grossman, N. Y. Law of Domestic Relations, eh. XIV, § 491, pp. 350, 390; Purvin v. Purvin, 51 N. Y. S. 2d 492; Matter of LaPenna, 16 A D 2d 655.) A decree should not be granted except upon very satisfactory proof of the fact of abandonment (Simon v. Simon, 6 App. Div. 469). Even where a spouse leaves the marital bed without justification but offers in good faith to return as the bedmate, there is no abandonment (Ziegler v. Ziegler, 10 A D 2d 270, affd. 9 N Y 2d 737), unless it is found that the offer to return was not made in good faith (Ewards v. Edwards, 281 App. Div. 868). The offer made by defendant on the witness stand to resume marital relationship with plaintiff to the exclusion of her father as part of their household, was not in any manner weakened by plaintiff as to good faith; therefore, I find on the credible evidence, not on the number of witnesses, that the peace offer was made in good faith. This is an instance of “ Testimony is to be weighed, not counted.” (Ballentine’s Law Dictionary, pp. 982,1277.)
Defendant seems to be within his rights when he called for the ouster of his father-in-law from their future home.
A spouse is not obligated by law to live with the relatives of a mate. So that, when a husband chooses a domicile, as is the case here, and offers a home and maintenance to his wife, but not to the wife’s relatives, it is the wife’s duty to go with her husband to the home which he offers to provide. (Downes v. Downes, 225 App. Div. 886; cf. Mossa v. Mossa, 123 App. Div. 400; Meyer v. Meyer, 9 N. Y. S. 2d 28; Bohmert v. Bohmert, 241 N. Y. 446; Aghnides v. Aghnides, 308 N. Y. 530; Fox v. Fox, 17 Misc 2d 998.)
*358 What I particularly consider as seriously militating against plaintiff’s case is that it was wrong on the part of plaintiff to foreclose defendant’s right of ingress to and egress from their homestead, especially when it is owned jointly by them (cf. Klein v. Klein, 25 Misc 2d 539; Fine v. Scheinhaus, 202 Misc. 272). In view of this drastic act, it would seem that the notion that women belong to the weaker sex is only entertained by the credulous and unsophisticated. Women are not easily beguiled. (Breon v. Henkle, 14 Ore. 494.)
In finality, I may say, borrowing the language of the court in Simon v. Simon (15 Misc. 515, 520, affd. 6 App. Div. 469, affd. 159 N. Y. 549): “From a careful consideration of the entire case, it must be held that the evidence discloses nothing more than a temporary separation [in this case from the start] of the parties [before locking defendant out] because of a disagreement.” (See, also, Fisk v. Fisk, 12 Misc. 466.)
In taking a wife, a man does not put himself under an overseer. (Braswell v. Suber, 61 Ga. 398.) The relation between the sexes has radically changed. Man and woman are now upon a plane of substantial legal equality. (Rozell v. Rozell, 281 N. Y. 106, 111.)
The alpha and omega of this review resolves itself into the only disposition of this phase of the case, and that is a judgment for defendant dismissing the complaint on the merits. In my view, plaintiff has failed in her onus probandi. No suit money is allowed because, as heretofore indicated, plaintiff is far from straitened circumstances to make her fear the blight of poverty.