John H. Galloway, Jr., J.
This action to recover for hospital treatment, care and services furnished by Grasslands Hospital, under the management and control of the plaintiff, to the wife of the defendant, a medical doctor, has been submitted for determination on a stipulated set of facts. As a defense to the action, the defendant sets up a Supreme Court decree of annulment of the marriage, ab initio, entered in New York County, subsequent to the period of time that the alleged necessaries were furnished to the wife; that said decree of annulment terminated the defendant husband’s obligation to provide his wife with necessaries, and that plaintiff is bound by said determination. The facts stipulated, insofar as they are germane to our determination, are as follows: (1) That Grasslands Hospital is owned and operated by the County of Westchester. (2) That between April 21, 1961 and April 26, 1961, Anna De Siervo (defendant’s alleged wife) was furnished with care, maintenance and treatment at Grasslands Hospital. (3) That at the time of admission of said Anna De Siervo to Grasslands Hospital, she was the wife of defendant Thomas De Siervo. (4) That the reasonable value of said care, maintenance and treatment is $110. (5) By decree of the Supreme Court of the State of New York, County of New York, dated November 2, 1961, defendant’s alleged marriage to said Anna De Siervo was annulled — • voiding said marriage ab initio. (6) The action by plaintiff against defendant herein was commenced by service of summons upon defendant on December 23,1964 — three years following defendant’s decree of annulment.
In addition to the above, there was submitted to this court for consideration in the determination, the entire hospital record for the period of the wife’s confinement in Grassland’s Hospital, for which reimbursement is sought in this action.
The defendant contends that by virtue of the decree voiding the marriage ab initio, he is absolutely relieved of any responsibility for necessaries furnished to his alleged wife. It has, however, been held that “ The retroactive effect of rescission from the beginning is not, however, without limits, prescribed by policy and justice. These limits are unknown even in controversies between parties or privies to the rescinded act * * * but they have their typical application to the rights and duties of a stranger.” (Sleicher v. Sleicher, 251 N.Y. 366, 369.)
The record before us, particularly the hospital record, from which it appears that the patient wife was brought to the hospital “by husband and police” and that the defendant husband was therein indicated as the person responsible for *1016 her care and to be notified with respect thereto; and that at the time of the patient’s admission, the defendant held her out to the hospital’s employees and to the general public that she was his wife. Clearly at the time of Mrs. De Siervo’s admission and while she was being furnished hospital medical services, she and the defendant were properly holding themselves out as man and wife under color of legal right upon a married status presumptively valid so far as third parties were concerned. (Cf. Richardson v. Brown, 159 N. Y. S. 2d 303, 305; Matter of Newins, 29 Misc 2d 614, 617.)
At the time of the wife’s entry into the hospital, the marriage had not been dissolved by decree in any court. “ The public interest * * * requires that the husband, not the taxpayer, shall bear the burden of her support as long as the relationship of husband and wife is not altered or dissolved by decree of the court.” (People v. Schenkel, 258 N. Y. 224, 228.) From the stipulated facts, it is conceded in Item 1 that the hospital in which the wife received care is owned and operated by the community, i.e., the County of Westchester. At common law there is the well-established principle that until the marriage relationship is terminated by judgment of divorce, annulment or dissolution, as between the community and the husband, the burden of the wife’s support is cast upon the husband, regardless of any fault of either spouse (People v. Schenkel, 258 N. Y. 224, supra; People v. McCarthy, 257 N. Y. 567, affg. City of New York v. McCarthy, 139 Misc. 746; Anonymous v. Anonymous, 20 N. Y. S. 2d 514 [Domestic Relations Ct. of City of N. Y.]).
We find and determine, contrary to the defendant’s contention, that the retroactive effect of the decree of annulment on which he relies is “not without limits, prescribed by policy and justice ” (55 C. J. S., Marriage, § 68, Operation and Effect of Annulment, p. 951), with respect to third parties such as plaintiff, and that the decree of annulment voiding the marriage ab initio does not relate back so as to exonerate the husband from his obligation to indemnify the community from the burden of his wife’s necessaries provided for her during that period when they held themselves out to the community as man and wife. We also find and determine that the reasonable value of the services rendered to defendant’s wife is the sum of $110 (the amount demanded in the complaint).
Accordingly, judgment is directed for the plaintiff for the sum demanded in the complaint, together with interest thereon from the 26th day of April, 1961, together with the costs and disbursements of this action.