CAROL N. BROWNSTEIN, Respondent, *v.* EDWARD J. BROWNSTEIN, Appellant.

First Department, March 29, 1966.

*Louis Spivack* of counsel (*Spivack, Schutzer & Mohr,* attorneys), for appellant.

*Richard A. Krauss* of counsel (*Sydney O. Perlman,* attorney), for respondent.

EAGER, J. This action, which was brought by plaintiff wife for an absolute divorce, was dismissed by the trial court at the close of her case "for failure of proof with respect to the allegations of the complaint charging adultery". The trial court then denied plaintiff's motion to amend the pleadings to allege a cause of action for separation but held that he would "consider the case as one requiring an award of alimony in the case of an unsuccessful plaintiff who doesn't prove her case." Eventually, the court rendered judgment dismissing plaintiff's complaint; but, in addition to certain provisions for support, maintenance and education of the children, the judgment awarded $3,500 annual alimony to plaintiff; directed that the defendant pay plaintiff $2,406.21 "as reimbursement for necessaries" and that he pay the outstanding bills of $1,875 to a psychiatrist and of $465 to a household maid for services rendered; and further decreed that the defendant should pay $1,500 counsel fees. The defendant appeals from the judgment insofar as it provides for the payments for the benefit of the wife.

Upon the enactment of Domestic Relations Law (§ 236), there was newly conferred upon the Supreme Court the power to require a husband to provide for the support of a wife who loses her matrimonial action. (See *Insetta* v. *Insetta,* 20 A D 2d 544.) Specifically, the statute provides that a direction that a husband provide suitably for the support of his wife "may be made * * * notwithstanding that the court refuses to grant the relief requested by the wife * * * by reason of a failure of proof of the grounds of the wife's action". (Domestic Relations Law, § 236.) Obviously, this provision was enacted as a means, in a proper case, of enforcing the general obligation of a husband to support his wife. With the parties before the court and with a proper opportunity to inquire into the circumstances, there is no need to remit the wife to the necessity of further litigation in the Family Court or elsewhere to procure needed or proper support.

Where a matrimonial action between validly married spouses is dismissed without affirmative relief to either party, they generally remain subject to their respective marital obligations. Each may be bound to co-operate toward a reconciliation and a resumption of the marital relationship. (See *Bohmert* v. *Bohmert,* 241 N. Y. 446, 454; *Davidoff* v. *Davidoff,* 284 App. Div. 872; *Walker* v. *Walker,* 282 App. Div. 671; *Edwards* v. *Edwards,* 281 App. Div. 868, 869.) In any event, notwithstanding the separation of the parties and as long as the marriage relationship stands, unabridged by court decree or valid agreement between the parties, the husband continues under the obligation to support his wife. Her right affirmatively to seek support from him is precluded generally as a matter of law only when her conduct has been or is such as to entitle him to a decree of separation or to a divorce. (See *People* v. *Schenkel,* 258 N. Y. 224, 228; *Tirrell* v. *Tirrell,* 232 N. Y. 224, 229; *Insetta* v. *Insetta, supra; St. Germain* v. *St. Germain,* 23 A D 2d 763, affd. 16 N Y 2d 764; *Olmstead* v. *Olmstead,* 24 A D 2d 605; *Rosenstiel* v. *Rosenstiel,* 20 A D 2d 71, 76, 77; *Cipriani* v. *Cipriani,* 45 Misc 2d 500; *Kurtis* v. *De Siervo,* 46 Misc 2d 1014, 1016.)

The statutory direction is that the husband's obligation to provide suitably for his wife's support shall be implemented " as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties." (Domestic Relations Law, § 236.) The phrase " as justice requires ", has been utilized for many years in statutes as a guide for directions in connection with domestic relations problems or litigation. (See *Vanderbilt* v. *Vanderbilt,* 1 N Y 2d 342, 353, affd. 354 U. S. 416.) The use of the phrase is clearly

indicative of an intent to vest the court with a broad discretion, unfettered by " ' matter of law ' requirements ", so as to enable it to make such directions as are required in the interests of justice. (See *Vanderbilt* v. *Vanderbilt*, 1 N Y 2d 342, 353, *supra.*) " [W]ithin the undefinable legal limits this side of an ' abuse ' [of discretion], the court's hands are free." (Practice Commentary by David D. Siegel, Domestic Relations Law, § 236, p. 136.)

The statute represented " indeed a broad grant of discretionary power, and it was so intended by the Legislature ". (*McMains* v. *McMains,* 15 N Y 2d 283, 289.) Nevertheless, and in all cases, the broad discretion conferred upon the court, must be exercised with due regard to the " circumstances of the case and of the respective parties." (Domestic Relations Law, § 236.) This means that the court is bound to take into consideration the circumstances surrounding the institution of the particular action before it, the merits thereof, and, in general, the " case " of the wife for separate maintenance. Absent actionable misconduct or abandonment, however, the cause of a separation of the spouses and fault inducing or incidental thereto ought not to be and, under present day thinking, are not material factors in determining whether a husband should provide support for his wife; and there is little satisfaction in any endeavor to pinpoint the cause of marital discord.

Additionally, in effecting justice between the parties, full consideration must be given to their respective circumstances — their ages, health, needs, financial and personal abilities and marital standard of living. The assets, current earnings, and earning capacities of the wife as well as those of the husband are particularly important factors in determining if and when a support award shall be made and the amount thereof. (*Phillips* v. *Phillips,* 1 A D 2d 393, affd. 2 N Y 2d 742.)

Particularly, the utilization by the Legislature of the phrase " as justice requires " shows a design not to create a right to alimony as of course. (*Vanderbilt* v. *Vanderbilt,* 1 A D 2d 3, 11, 12, *supra.*) Furthermore, the wife's claim for support is not considered solely on the basis of her husband's ability to pay. No wife is " entitled to a share of her husband's income as such ". (*McMains* v. *McMains, supra,* p. 288. Also, *Hunter* v. *Hunter,* 10 A D 2d 291, 295.) Definitely, the intent of the Legislature was to confer the power and obligation upon the court to render such direction as public policy requires with due regard to the mutual rights and obligations of a husband and wife (cf. *Vanderbilt* v. *Vanderbilt,* 1 A D 2d 3, 12, *supra*).

The accepted marital relation contemplates the proper and continued cohabitation of the parties as husband and wife. Such cohabitation is vital to proper family life which is the backbone of our society. When parties marry, the State has an abiding interest in the preservation of a normal family relationship between them and with their offspring. The separation of spouses is not to be encouraged by an award of separate maintenance to the wife where, voluntarily and without justification, she maintains a separate home. Public policy requires that the discretion of the court to award separate maintenance to a wife be exercised in light of these considerations.

Furthermore, alimony was not designed to confer upon a woman of independent means or capacities a status of leisure and uselessness in society. The married woman, separated from her husband, should be encouraged, if consistent with her capacities and obligations to her children and family, to devote her energies to their full reach to make herself economically useful. So, also, policy considerations suggest that an award of alimony to a wife, living separate by choice, should be measured largely by her need for support in light of her resources, her earning capabilities and her family obligations. (See *Phillips* v. *Phillips, supra; Brody* v. *Brody,* 22 A D 2d 646; *Doyle* v. *Doyle,* 5 Misc 2d 4.)

A wife who, without adequate reasons, prefers to live separately from her husband, should not be heard to complain that she is deprived of the support benefits of the marital contract. If she is not in need, then, in fairness, the husband should be freed of his obligations to support her; and she has no " matter of law " claim for support. (*Rosa* v. *Rosa,* 275 App. Div. 1050.)

In light of the foregoing, where the wife, voluntarily living separate and apart from her husband, loses a matrimonial action and it appears that she is in good health and has sufficient ability, by independent means or earnings, to properly care for herself, the burden should ordinarily rest upon her to show that " justice requires " that her husband should contribute to her support. The right of the defeated wife to separate maintenance may be determined upon the record in the matrimonial action; and, as here, the trial court may give the parties further opportunity to present proofs bearing upon the issues. In any event, the exercise of the court's discretion must be based upon a record and should be supported by adequate findings. We note that the court had conferences directly with the parties and their attorneys that were not made a part of the record. This was not improper but, if the statements or the position of a party

during such conferences influenced the court in the exercise of its discretion, the same should have been placed upon the record.

Turning to the record here, we find that the parties were married in 1951 and that, apparently, for many years, the plaintiff devoted herself properly and faithfully to her role as a wife and mother to their two children, born in 1955 and 1958. In 1959, the parties engaged a full-time maid to take care of the house and the children, and in 1960, the plaintiff, who was a qualified dentist, started to take courses in order to prepare herself to become a specialist in periodonture. She graduated as a periodontist in 1964, and thereupon she entered upon a professional career, specializing in periodonture, teaching in a college of dentistry, and also doing dentistry work in a hospital. As of the time of the trial, she devoted a substantial part of four days weekly to her profession. She admitted earnings of "about $50" per week from the practice of periodonture and it is probable that her earning capabilities are much greater. But the court's discretion in the premises is to be exercised in the light of the present circumstances of the parties and not on the basis of what plaintiff may earn in the future.

At present, the plaintiff wife, having custody of the children of the marriage, will be expected and required to devote a considerable portion of her time to their care, guidance and well-being. Naturally, she will be so inclined and a furtherance, so far as possible, of a normal mother and child relationship should be encouraged. She should not be compelled to work to the detriment of her children, and defendant, a man of considerable wealth, who has the primary obligation to support and maintain the children, should contribute to the support of his wife to the extent necessary to permit her to fully enjoy her maternal rights and to completely fulfill her parental obligations. To this extent, without regard to the cause of the separation of the parties, the plaintiff wife, in the best interests of the children and derivatively on the basis of their rights, is entitled to an award.

With a "nice but realistic balancing of the wife's needs and her independent means of meeting them with the husband's ability to pay" (*Phillips* v. *Phillips*, 1 A D 2d 393, 396) and taking into consideration the additional factor of the plaintiff wife's rights and responsibilities with respect to her children, we have concluded that the award of $3,500 yearly to the wife is properly supported. If, at any time her earnings substantially increase and, consistent with her family obligations, she becomes wholly self-supporting, then, the defendant may be entitled to be relieved of the payments to her. Also, if, by reason

of a change of circumstances, the awards to the plaintiff or for support of the children prove to be inadequate, they will not be without remedy.

Particularly, however, there is no satisfactory basis in the findings of the trial court nor in this record for the direction that the defendant pay the psychiatrist's and maid bills for services rendered, nor for the direction that the husband reimburse the wife for alleged sums expended by her for necessaries. (See 16 N. Y. Jur., Domestic Relations, § 683.) Moreover, only unusual and extraordinary circumstances, not present here, would justify a court in awarding the wife, the unsuccessful party in a matrimonial action, the recovery of sums for past support or as reimbursement for moneys previously expended or incurred for necessaries. Under the statute (Domestic Relations Law, § 236), the concern of the court for the unsuccessful wife will be for her present and future support and maintenance, and, ordinarily, she should be left to her further remedies, if any, for a recovery on account of previously incurred bills and moneys previously expended for necessaries; a wife, who intends to make a claim to such a recovery, should be required to include such claim as an independent cause of action in the matrimonial action. The statute was certainly not intended to be utilized as a basis for enforcing claims in the nature of common-law causes of action for necessaries antedating the trial. (See *Sues* v. *Sues,* 17 Misc 2d 3, 4.)

Finally, we have noted the defendant's objections to the allowance of counsel fees to plaintiff's attorney. Notwithstanding the dismissal of plaintiff's action, the allowance is authorized (see Domestic Relations Law, § 237) and the allowance here neither appears to be an improper exercise of the court's discretion nor unreasonable in amount.

Findings of fact of the trial court inconsistent with the opinion of this court are reversed and vacated, and new findings are made as indicated herein and as necessary to support the determination of this court. The judgment appealed from should be modified, on the law, on the facts and in the exercise of discretion, to strike the fifth decretal paragraph thereof providing for the payments by the defendant to reimburse plaintiff for necessaries and for payment by him of outstanding bills of the psychiatrist and maid; and the judgment should be otherwise affirmed, without costs or disbursements.

BREITEL, J. P., RABIN and STEVENS, JJ., concur. VALENTE, J., deceased.

Judgment modified, on the law, on the facts and in the exercise of discretion, to the extent of striking the fifth decretal paragraph thereof providing for the payment by defendant to reimburse plaintiff for necessaries and for payment by him of outstanding bills of the psychiatrist and maid, and, as so modified, affirmed, without costs or disbursements. Findings of fact of the trial court inconsistent with the opinion of this court filed herein are reversed and vacated, and new findings are made as indicated therein and as necessary to support the determination of this court.