Edward S. Silver, J.
These are motions addressed to the report of the Referee. He has recommended a finding based on the evidence adduced before him that the intestate’s husband is entitled to his distributive share of the estate.
The administrator, decedent’s nephew, sought a determination that the husband was not entitled to a share of the estate because he had failed to provide for her and had abandoned her. Citation was published addressed to the absentee husband, if living, and if dead to his legal representatives, etc., tendering the issues of failure to support and abandonment. The husband failed to appear and upon his default a special guardian was appointed in the discretion of the court (Surrogate’s Ct. Act, § 64) for decedent’s husband whose whereabouts, if living, was unknown. The special guardian denied the allegations contained in the petition and the issues were referred to the Referee.
Decedent and her husband were married in May, 1930. In 1955 she applied to the National Desertion Bureau, now the Family Location Service, a nonprofit organization whose primary purpose is the location of missing spouses, for aid in procuring an Enoch Arden divorce. There is no question of the admissibility in evidence of the record made at the time except insofar as it contains a written summary of the decedent’s statements. We will assume for the moment — as decided by the Referee — that the statements of the decedent summarized in *568 the record of the National Desertion Bureau are not admissible as hearsay and self-serving declarations by her.
The National Desertion Bureau made a brief investigation to locate the missing husband, without results. Likewise the efforts of the special guardian to locate him were unrewarded and although he communicated with a large number of governmental agencies no information was obtained concerning him. In fact there is no evidence in this record, admissible or inadmissible, from which it can be inferred that decedent ever saw the missing husband since December, 1930, only seven months after his marriage to the decedent.
In reaching his recommended conclusion the Referee was persuaded by the force of the decisions in Matter of Maiden (284 N. Y. 429), Matter of Rechtschaffen (278 N. Y. 336) and Matter of Barc (177 Misc. 578, affd. 266 App. Div. 677), all of which matters involved living spouses who had appeared and raised the issue of their right to share in the estate. In none of these cases was there a default on the part of the spouse, and in each of them the estate representative had the opportunity of examination of the surviving spouse and a full hearing on the merits of the issues. In contrast to those cases, the instant matter is one of default, absence and silence by a spouse who may or may not be alive.
“ The husband’s obligation of support continues as long as the marriage relation is not dissolved or limited by a decree of divorce or separation” (People v. Schenkel, 258 N. Y. 224, 226; Matter of Rechtschaffen, supra, p. 340). “ The obligation * * * is a shadow, when right to enforce it is lost ” (People v. Schenkel, supra, p. 226). So here the uncontroverted absence of the husband deprived the decedent of any effective insistence on her right to support and, as noted in Schenkel (p. 229), the evidence shows that the husband failed to provide for his wife; and it supports an inference that his home was closed to her, and the husband, by the special guardian, has produced no evidence to show that he was willing to support her according to his means.
The question in every case is whether the circumstances surrounding the occurrence are such as to justify the trier of the fact in inferring the fact in issue (Griffen v. Manice, 166 N. Y. 188, 194-195). Where a party has knowledge of a fact only slight evidence is requisite to shift on him the burden of explanation. This is a general rule of evidence applicable whenever issues of fact are to be determined either in civil or criminal actions (Griffen v. Manice, supra; Noseworthy v. City of New *569 York, 298 N. Y. 76, 81). The absentee husband, if alive, by his special guardian, has offered no explanation of the long absence without support of the decedent, and the circumstances surrounding the absence appear to the court sufficient to justify the finding that the absentee husband failed to support the decedent so as to deny him a share of the estate in accordance with section 87 of the Decedent Estate Law.
In reaching this conclusion the court has not overlooked the comments of the Beferee in assessing the proof before him. The credibility of witnesses is not an issue (cf. Amend v. Hurley, 293 N. Y. 587; Boyd v. Boyd, 252 N. Y. 422). However, it appears to the court that the Beferee in making his recommendation applied the measure of proof required in Matter of Maiden (284 N. Y. 429, supra) and similar cases where the spouse had appeared. The situation in the instant matter arises out of the necessity of the case, and the rules applied in the eases involving appearing and contesting spouses must be interpreted as applicable to the situations then before the courts.
Up to this point the statements of the decedent summarized in the records of the National Desertion Bureau have not been considered on the assumption that they were not admissible in evidence as contended by the special guardian. His position is that the records are hearsay and self-serving on the part of the decedent. The records themselves are admissible as records kept in the regular course of business of a social agency, it being the regular course of business of the agency to keep such records. The information contained in the records appears, to paraphrase what was said in Williams v. Alexander (309 N. Y. 283, 287), to reflect acts, occurrences or events relating to or helpful to an understanding of the social problem within the competence of a social agency (see, also, Kelly v. Wasserman, 5 N Y 2d 425). Moreover, the statements of the decedent are, in large measure, statements of facts known to her. Such statements are in no sense hearsay. There was no reason for fabrication at the time the statements were made for what she was then seeking was not a judgment of separation from her long absent husband but rather an Enoch Arden divorce. These statements were not self-serving in the technical sense because they were not made to support any claim of hers on a trial (Bichardson, Evidence [9th ed.], § 376; 2 Jones, Evidence [5th ed.], § 334). The records of the National Desertion Bureau and their contents are technically admissible as statements made in the regular course of business. They are accepted by the court as confirming the inference of desertion which the court *570 has drawn from the continued absence of the husband and his failure for over 30 years to make himself available for the support of the decedent.
The search made by the National Desertion Bureau and the further search by the special guardian have failed to locate the husband. Distribution of the estate should not be withheld in whole or in part merely because of the remote possibility that he, if alive at the time of decedent’s death, or his personal representatives, if he survived the decedent and since died, will be able to come forward at some possible future time and prevail on a trial (cf. Matter of Rechtschaffen, 278 N. Y. 336, supra; Matter of Riley, 24 A D 2d 630; Matter of Reedy, 49 Misc 2d 81).
The motion to confirm the Beferee’s report is denied and the motion to reject the report is granted to the extent that the court finds On all the evidence that the absent husband, Irving Grlassman, if alive at the time of decedent’s death, is not entitled to share in the distribution of the estate (Decedent Estate Law, § 87, subd. [c]).