Leo Dikman, J.
Petitioner and respondent were married in 1961. There are three children ages 10, 9 and 5. The parties own the house in which petitioner and the children reside, as tenants by the entirety. Petitioner seeks support for herself and the children.
*363 Recently, respondent moved to Alabama where he owns a home free and clear, to “ take charge ” of a new business. He was, until that time, engaged in the service station business here, from which he derived an adequate livelihood. The sale of that business left several unanswered questions. There were no papers signed, and the deal was consummated on “ a handshake ”. Petitioner has been employed for 13 years as a New York City policewoman at a not inconsiderable salary, with many benefits and the prospect of a substantial lifetime pension at the expiration of 20 years of service.
Respondent denies liability for support of his wife on the grounds that she has abandoned him in refusing to accept his invitation to remove to his present home in Alabama. (Domestic Relations Law, § 236.)
It is well established that the husband is under no obligation to support his wife “ away from his home, even though such home may be disagreeable to her.” (People ex rel. Comrs. of Public Charities and Correction v. Cullen, 153 N. Y. 629, 635 [1897].)
“ If, therefore, a husband decides to move to another locality, and there establish his house, it must be held in respect of a wife who refuses to accompany him that she ‘ in a legal sense abandoned him. ’ * * *
“ If [the husband] left under circumstances amounting to a repudiation of his marital obligations, his liability for her support might be deemed to continue. If [the wife] merely refused to accompany him to his new residence and field of activity, the fault was hers and neither she nor anyone claiming through her may assert any rights against him.” (Matter of Roessler, 171 Misc. 306, 308, 309; see, also, Manufacturers Trust Co. v. Gray, 278 N. Y. 380.)
However, less venerable cases than those cited indicate that the right of the husband to choose the marital abode is not so absolute as to leave the wife totally subject to his decision.
“ The plaintiff cannot, as he has sought to do, rely upon the naked power of a husband to select the place of marital abode. The plaintiff’s views as to his rights are archaic and outmoded. ‘ The concept of the absolute rights of the husband was the prevailing legal and social order of by-gone days. However, the assault on the citadel of the husband’s supremacy is proceeding in these days apace, so that today the wife is no longer in complete subjugation to the dictates of her husband ’ (Eftimiou v. Eftimiou, 204 N. Y. S. 2d 785, 790) * * *
*364 ‘ ‘ In short, as the law has developed in this area, the male spouse may not proceed in unilateral, mandatory or dictatorial fashion. His right of determination is no longer an arbitrary one. He ‘ must exercise his rights in a reasonable manner with due regard for his wife’s health, welfare, comfort and peace of mind.’ (Eftimiou v. Eftimiou, 204 N. Y. S. 2d 785, 790, supra).” (Tausik v. Tausik, 38 Misc 2d 11, 16; see, also, Matter of Wandmeyer, 178 Misc. 464; Martin v. Martin, 32 N. Y. S. 2d 860.)
It is true that the circumstances of the wife’s refusal to follow her husband are not so dramatic in this case as in Eftimiou v. Eftimiou (204 N. Y. S. 2d 785). In the latter case the husband offered the wife basement accommodations complete with an active rodent population, although lacking in such traditional amenities as indoor plumbing and hot water. Nor is this case comparable on its facts to the Tausik and Martin cases (supra), where the wife was required to submit to close proximity with the husband’s relatives.
In Eftimiou (supra), by way of updating the common-law rule that anointed the husband with the right to choose a domicile, Judge Heller noted that “ in this jurisdiction as in the majority of jurisdictions, women’s rights have been greatly enhanced.” (P. 790.) Further Judge Heller quoted Lord Masefield as follows, ‘1 As the usages of society alter, the law must adapt itself to the various situations of mankind ” (Eftimiou v. Eftimiou, supra, p. 790).
With these sentiments in mind, some 14 years after Judge Heller decided that in the interests of a woman’s well-being and peace of mind she not be required to live in a cellar with rats, it may be time to go a few steps further. This court holds that where a wife’s over-all well-being is concerned, she has a definite stake in the sense of self-worth, and in the emotional and financial independence acquired in a well-paying, full-time job that she has held for a considerable length of time with her husband’s consent. It is the opinion of this court that the wife’s right to a financial and emotional “ place in the sun ” when that place has been acquired and held all along* with her husband’s approval, cannot be defeated by the husband’s arbitrary decision to change his domicile without some showing of necessity on his part. Here there is not a sufficient showing by reason of health, of livelihood, of compelling family obligation, or any other reason by the husband to explain his move to Alabama.
Being well below retirement age, the husband sold a going biisiness in New York and made arrangements to depart this vicinity simply because he now wants to live in Alabama. It *365 is not enough. Moreover, the circumstances are such as to cast doubt on the good faith of his offer knowing how attached the wife is to her job and knowing the financial stake she has in the New York City retirement system.
Consequently, the wife is found not to have abandoned her husband by refusing to follow him to Alabama and upon all of the testimony, petitioner is entitled to support on a means basis. Support is hereby ordered in the amount of $20 per week for petitioner and $105 per week for the three minor children.
Respondent testified to income of $80 weekly army disability retirement (tax free), $75 weekly for the next two years from sale of business, and $100 weekly from the business in Alabama. He withdrew $14,000 or more from a local bank, and claims he put down that amount as a deposit on a warehouse in Alabama. He owns two houses there, free of any mortgages. He has other assets. He shows expenses of $145 weekly, including alimony to a prior wife.
Petitioner lists expenses at $340 weekly, and a take-home pay of $146, leaving a deficit of $194 weekly.
Upon all of the testimony, and the exhibits, I find and decide as follows:
1. Respondent is ordered to pay, through the support bureau of this court, commencing May 27, 1974, $125 weekly ($20 for petitioner and $105 for three children). Finding is made on a means basis.
2. Petitioner shall have exclusive use with the children, of the premises owned by the parties. Petitioner shall make all mortgage payments on said premises (thereby increasing respondent’s equity with each payment), and she shall pay for the ordinary costs of upkeep and maintenance. She may apply to the court for directions as to the payment of any required substantial repairs, replacements or maintenance.
3. An order of protection shall be issued, for one year from date hereof, requiring respondent to remain away from said premises, except for visitation with the children as provided for herein.
4. Respondent may visit with the children at times to be agreed upon between the parties. In the absence of an agreement the court will fix visitation. However, for one year from date hereof, the visitations shall be within the City of New York, and provided that respondent shall give to petitioner his assurance, in writing, that he will not remove the children from the City of New York, and that he will not claim custody of any of the children, except on facts which occur after the date hereof. At *366 the expiration of said one year period, respondent may apply for expanded visitation.
5. Respondent shall pay to petitioner’s attorney, by direct payment to him, on or before June 1, 1974, the sum of $500 for services rendered to date hereof.
6. Petitioner shall have the right to claim, for income tax • purposes the real estate taxes and mortgage interest on premises in which she lives.
7. Respondent shall have the right to claim the real estate taxes on the one parcel in Alabama owned by the parties herein, and to claim the three children as dependents, if he makes the payments provided for herein.
8. The family offense case, 0-1442-1974, was consolidated by me with this support case. While the facts adduced are sufficient for the court to make a finding, no action is taken in view of the fact that respondent has now left the State, except as to the order of protection above mentioned.