■ NAOMI G. KAPLAN, Respondent, v KENNETH C. KAPLAN, Appellant.— In a matrimonial action, the defendant husband appeals from so much of a judgment of divorce of the Supreme Court, Westchester County, entered March 30, 1979, as directed him to pay child support totaling $600 per week and a counsel fee of $2,500. Judgment modified, on the facts, by reducing the child support to $100 per week per child and deleting the ninth decretal paragraph thereof, which required the defendant to pay $2,500 counsel fees, and substituting therefor a provision denying plaintiff counsel fees. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. Both parties to this action for divorce are practicing physicians. The plaintiff wife has an approximate net worth of $233,000, including ownership of the former marital domicile which has an estimated market value of $129,000. The defendant admits to a net worth of approximately $80,000. The trial testimony revealed that in 1978 the wife had an estimated net annual income from her professional corporation of $58,000, while that of her husband was $69,500. Since no alimony was sought by the wife, the sole questions on this appeal concern the award to her of child support and counsel fees. At the trial, she claimed that the annual expenses for maintaining the four children—then aged 15, 14, 12 and 10—amounted to some $53,000. Recognizing her responsibility to contribute to the support of the marital offspring (see Domestic Relations Law, § 240; *Matter of Boden v Boden,* 42 NY2d 210; *Berzins v Berzins,* 64 AD2d 881; *Matter of Carter v Carter,* 58 AD2d 438), she sought a contribution of $30,000 per year from her husband to meet the expenses of such support. The costs averred by the wife—and accepted by Special Term—included four fifths of the expense of maintaining a large and luxurious single-family dwelling in Chappaqua and

the entire salary of her housekeeper. During the trial, the husband failed to dispute plaintiff's primary claims as to living expenses and the apportionment she relied upon. While he did contest the salaries of the housekeeper and gardener, certain household repair costs, and tutoring disbursements, his principal focus was upon his own alleged inability to pay the amount demanded to maintain the apparently conceded pre-existing standard of living. According to the husband, who is now remarried, his expenses total $67,620 of his $69,500 net income. We conclude that the record does not support the award of child support to the extent made at Special Term, and we would reduce it to $100 weekly per child. As to counsel fees, however, we believe it was error to impose upon the defendant the obligation to pay the legal fees of the plaintiff who earns $58,000 per year. While proof of indigency is not a prerequisite of entitlement to counsel fees (see *Palmer v Palmer*, 76 AD2d 905), neither do "the circumstances of the case and of the respective parties" (Domestic Relations Law, § 237) require that this spouse, who can well afford to pay her own legal fees, be permitted to shift the burden to her husband. Hopkins, J. P., Lazer, Gibbons and Gulotta, JJ., concur.