OPINION OF THE COURT
Margaret Cammer, J.
Plaintiff moves to reargue or renew this court’s refusal to grant him an uncontested divorce on the grounds of abandonment. For the reasons stated below his motion is denied.
THE ACTION
Plaintiff married the defendant in a civil ceremony in Poland on January 10, 1976. He left his wife and two minor children in Poland to come to the United States in 1987. In his verified complaint he alleges that after he arrived here he "shortly decided that [he] would like to continue to live in the 'free world’ and not return to Poland.” The complaint adds that he repeatedly requested defendant to join him, with their children, and she refused to do so. He concludes that "Defendant has always refused to join me in the 'free world’ and resume our marital relationship.”
Defendant defaulted in this action and the matter was placed on the uncontested matrimonial calendar for submission. It came before me on June 24, 1993 and I refused to grant judgment noting that plaintiff failed to show that his relocation was necessitated by health, livelihood, compelling family obligation or other good reason so that defendant’s failure to join him constituted abandonment. (Weintraub v Weintraub, 78 Misc 2d 362 [Fam Ct, Queens County 1974]; Bazant v Bazant, 80 AD2d 310 [4th Dept 1981].) I also noted that plaintiff has two young children and yet made no request or provision for child support. Plaintiff then brought this instant motion for reargument or renewal.
THE MOTION
In the instant motion plaintiff avers for the first time that before he left Poland he and his wife agreed the family would emigrate to this country. He now asserts that it was agreed he would come to the United States first, establish himself and his family would then join him. He offers no explanation, *863 however, why such crucial information was omitted not only from his original verified complaint but also his affidavit of facts in support of his request for a divorce.*
Plaintiff states that his wife is employed as an aide in a kindergarten school, a job requiring a high school diploma. At the time he left, he claims her salary was the equivalent of United States $1 a month and his the equivalent of United States $1.25 a month. Although plaintiff says he has secured employment here, he inexplicably does not reveal what his current occupation is or how much he earns.
Significantly, although plaintiff’s motion papers discuss how he and defendant "had both known people who had gone to the United States, worked and earned money and * * * had been sending money to their relatives in Poland,” plaintiff does not indicate that he ever sent money to his family. Equally significant, he never even states that he offered defendant the money necessary to enable her and his children to join him.
THE LAW
Historically a woman upon marriage took her husband’s domicile by operation of law (Hunt v Hunt, 72 NY 217 [1878]). The husband, it was held, was "the head of the family, the bread-winner in theory and duty if not in fact” and it was his for him to select "the place of abode of the family and it is the duty of the wife to abide by his decision unless it is unsafe or imprudent for her to do so” (Matter of Daggett, 255 NY 243, 246 [1931]). A wife who refused to move to another locality with her husband was deemed to have abandoned him (Manufacturers Trust Co. v Gray, 278 NY 380 [1938]; Matter of Roessler, 171 Misc 306 [Sur Ct, Kings County 1939]).
The law has long since evolved from the days when the courts left it to " 'the naked power of a husband to select the place of the marital abode’ ” (Weintraub v Weintraub, supra, at 363). A husband no longer has unilateral control over the choice of domicile. He cannot defeat his wife’s right to financial and emotional well-being by an arbitrary decision to move *864 without some showing of necessity on his part. Thus where, as here, a wife has held a full-time job for a considerable length of time, she need not follow her husband simply because he wants to live elsewhere (Weintraub v Weintraub, supra).
Although the law has moved forward, it still has not yet fully landed in the twentieth century where spouses are treated as equals. As recently as 1981, the Appellate Division, Fourth Department, reaffirmed the proposition that generally the husband has the right to choose the marital domicile and the wife’s refusal to move — absent good cause — constitutes abandonment (Bazant v Bazant, supra). However, in long overdue recognition of the reality of the two-career family, it upheld a wife’s refusal to join her husband in another country when such a move would severely impact on the wife’s career. Notably it did so even though the wife initially indicated she would join her husband in the move.
It is time the law viewed marital domicile in a gender-neutral fashion. Partners in a marriage should be granted the same equality in decision making as is given to those in business. Nonetheless, even under the archaic view enunciated in Bazant (supra) defendant’s refusal to come to the United States because plaintiff wants to remain here does not constitute abandonment. Defendant has held her position in the Polish school system for at least six years, and probably longer. While her job certainly is not lucrative by United States standards, it nonetheless requires a high school diploma and provides her and her children with a livelihood. Were defendant to relocate it is extremely unlikely that she could find an equivalent position.
Thus, plaintiff has failed to show that the court misapprehended relevant facts or misapplied controlling principles of law such as to warrant the grant of a motion to reargue. (Foley v Roche, 68 AD2d 558 [1st Dept 1979].)
defendant’s default
Plaintiff points to defendant’s default in support of his request for reargument and a divorce. Assuming proper service, silence in a divorce action may be seen as acquiescence. Here, however, where defendant was served with legal papers in a language not her own it is impossible to assume agreement. In fact, since defendant allegedly was personally served twice, thereby having ample opportunity to express her consent — and did not do so on either occasion — her nonappear *865 anee may imply a contrary sentiment. If nothing else, given her income one can assume she does not have the financial resources to contest a divorce 6,000 miles from her home.
Lastly, plaintiff argues that he made no provisions for child support because, as his attorney’s affirmation in support of the motion states, "both minor children are and always have been in Poland and have never been under the jurisdiction of this court.” This decision does not, of course, prevent plaintiff from seeking a divorce in Poland. Since that is the place that concededly has jurisdiction over his children, it appears it may be the best forum.

 Although plaintiff's motion is denominated as a motion to renew or reargue, it actually is a motion to reargue since the "facts” contained in it were previously available and plaintiff has not explained why they were not preferred earlier (Chiarella v Quintoni, 178 AD2d 502 [2d Dept 1991]). Plaintiff has failed to allege any new facts not previously known to him so as to warrant a grant of renewal (Matter of State Farm Mut. Auto. Ins. Co. v Barbera, 161 AD2d 599 [2d Dept 1990]).